Williford  v.  The  State.

WILBORN J. WILLIFORD v. THE STATE.

Where a bond was conditioned that the defendant should be and appear " before the next Term of the District Court, to be begun and holden," &c., stating the time and place of holding the Court, "and attend from day to day and Term to Term, then and there to answer the State of Texas," &c., and it was objected that the statute required the bond to be conditioned that the defendant should appear "at the District Court of the proper county, at the next Term thereof," &c, and that the word " before" in the bond related to time, and that the bond required the defendant to appear before the Term, and not at the Court itself, it was held that the word " before" in its connection in the bond, referred to place, and that the objection to the bond was not well taken.

Where the statute required the bond to be conditioned that the defendant will . appear at the District Court of the proper county, at the next Term thereof, then and there to answer the charges exhibited against him, and that he will not depart therefrom without the leave of the Court, and it was objected

to a bond, that it was more onerous than the law required, inasmuch as it was conditioned that the defendant should appear at the next Term of the Court, and attend "from day to day and Term to Term," then and there to answer, &c.; it was held that the legal effect was the same.

It would seem that where words are superadded to the condition of a bond, rendering it more onerous than the law requires, the superadded words do not invalidate the bond; but it has the same effect as if they had been omitted.

Appeal from Gonzales. Tried below before the Hon. Fielding Jones.

Wilborn J. Williford having been indicted by the grand jury of Gonzales county, for an assault with intent to commit murder, and having been arrested by the Sheriff of said county, gave bond approved by the Sheriff, as follows:

The State of Texas, County of Gonzales. We, Wilborn J. Williford, as principal, and Hugh W. Branch and Stephen H. Darden and O. M. Christian as sureties, acknowledge ourselves to owe and be indebted to the State of Texas in the sum of five hundred dollars, to be levied upon our respective goods and chattels, lands and tenements; but to be void nevertheless upon condition that Willborn J. Williford shall be and personally appear before the next Term of the Hon. District Court of said State, to be begun and holden in and for Gonzales county, at the Court house thereof in the town of Gonzales on the 7th Monday after the 1st Monday in September, A. D. 1855, and attend from day to day and Term to Term, then and there to answer the State of Texas on a charge contained in an indictment, presented and filed in said Court, against him, at the Spring Term thereof, A. D. 1854, for an assault with intent to murder C. E. Dewitt, and shall not depart without leave of the Court.

The defendant and his sureties failing to appear at the next Term of the Court, an order was entered that the said bond " is hereby forfeited, and that a *scire facias* issue against said defendant and his sureties," &c.

At the succeeding Term the sureties appeared and filed a

general denial, and moved to annul the judgment nisi and quash the bond for the following causes :

Because it did dot bind the defendant to appear at the proper time and place, as provided for by the statute in such cases.

Because it was taken by the Sheriff under color of office, and was more onerous on the defendants than the law prescribed—in this that the bond was conditioned that said Williford attend from day to day and Term to Term of said District Court of Gonzales county, &c., contrary to the statute made and provided.

The Court overruled the motion to quash and defendants excepted. Trial and verdict for plaintiff for the full amount of the bond.

Motion for a new trial overruled ; and defendants appealed.

*Parker & Nichols,* for appellants. Where the condition of a bond is more onerous than the statute prescribes, judgment cannot be entered thereon. (2 Tex. R. 250 ; 4 Id. 1 ; 5 Id. 270 ; 8 Id. 27 ; 9 Id. 1 ; 5 Pet. 114.)

There is a variance between the bond and the statute. The word "before" is manifestly used to designate time, and the bond therefore required the prisoner to appear before the time of the next Term. The word should have been "at." Another objection is, that the bond required the prisoner to appear before the Term of the Court, and not at the Court itself as required by the statute. Another variance from the statute is, that the bond required the prisoner to appear "from day to day and Term to Term." The last condition transcends the statute, and is onerous beyond what it prescribes.

*Stewart & Mills,* also for appellants.

*Attorney General,* for appellee.

WHEELER, J. If we were to construe the condition of the

bond by the single expression, "before the next Term of the Hon. District Court," this phraseology, disconnected from the context, would favor the construction contended for by counsel for the appellants ; that is, that it requires the appearance of the party anterior to the time of holding the Court. But we must construe the instrument as a whole, and with reference to all its parts ; and so construed, it becomes apparent that such is not its meaning. It requires that the defendant "shall be and personally appear before the next Term of the Hon. District Court, to be begun and holden," &c., stating the time and place of holding the Court, " and attend from day to day and Term to Term, then and there to answer the State of Texas," &c. The defendant is thus required to " be and personally appear" before the Court, " then and there" to answer, &c., which he could not do until the meeting of the Court. To place the meaning contended for upon the word before, therefore, would render the language employed repugnant and contradictory in itself. Such a construction as will defeat the intention of the instrument, and render it nugatory, is not to be adopted where the language will reasonably admit of a different construction, which will effectuate the intention. And by attending to the latter clause of the sentence, " then and there to answer," &c., it appears, evidently, that the word before is used, not as a sign of time merely, but to mean in the presence of ; and the evident meaning of the condition, is, that the defendant shall make his personal appearance before, that is in the presence of the Court, then next ensuing, " then and there to answer," &c. Thus construed, with reference to all its parts, there is no real ambiguity, and can be no doubt as to the import of the condition of the bond.

Then, as to the condition being more onerous than the law requires ; we do not so regard it. The prescribed condition is, that the defendant "will appear at the District Court of the proper county, at the next Term thereof, then and there to answer the charges exhibited against him, and that he will not

depart therefrom without leave of the Court." (Hart. Dig. Art. 2889.) The condition that he will not depart without leave of the Court, requires the defendant to attend from day to day and Term to Term, until discharged by the Court, and is of precisely equivalent legal import to the condition of the bond in this case. Thus, in The State v. Stout, (6 Halst. 124,) it is said a recognizance in general binds to three particulars : 1st. To appear to answer, either to a specified charge, or to such matters as may be objected ; 2nd. To stand and abide the judgment of the Court ; and 3d. Not to depart without the leave of the Court. And each of these particulars is distinct and independent. The party is not to depart until discharged, although no indictment should be found against him by the grand jury, or although he be tried, and a verdict of acquittal rendered. If no trial is requisite, an order of discharge is regularly made by the Court. If a trial results in a verdict of not guilty, the judgment of the Court contains a discharge ; which, in practice, is always supposed to be entered, although not always done. (Id. 133, 134.) The condition of the present bond, though not in the very words prescribed in the statute, is precisely the same in its legal effect. But if the condition to " attend from day to day and from Term to Term," were not authorized by the statute, it would not invalidate the condition requiring the defendant to appear at the Term next succeeding ; and as the forfeiture was taken at that Term, it must be supported. For it is well settled that superadded words of condition, beyond what are authorized by statute, do not invalidate the recognizance ; but it has the same effect as if they had been omitted. (Howie v. The State, 1 Ala. 113.) It results that the Court did not err in the rulings complained of, and the judgment is affirmed.

Judgment affirmed.