## THE FIRE ASSOCIATION OF LONDON v. LEON & H. BLUM.

(Case No. 2018.)

1. INSURANCE.— An adjustment of loss sustained on goods insured, made by one appointed by the insurance company to adjust the same, is not binding upon one to whom the policy has been transferred under permission in the policy, and who, after expressing a desire to participate in the adjustment, was not permitted to do so.

2. SAME.— Either the insurance company or the insured, after an adjustment of loss has been made, and before payment thereof, may, upon clear proof, avail himself of any defense, or may assert any right which may exist under the policy arising from facts not considered when the adjustment was made.

3. CASES REVIEWED AND APPROVED.— Luckie v. Bushby, 13 Common Bench, 877, reviewed, and Elliott v. Royal Ex. Assurance Co., 13 Law Rep., 2 Exch., 240; Herbert v. Champion, 1 Camp., 136, and 1 Camp., 274, cited and followed.

ERROR from Galveston. Tried below before the Hon. Wm. H. Stewart.

On the 25th of June, 1883, Leon & H. Blum brought this action to recover on a policy of insurance against fire issued by the plaintiff in error to E. Y. Adair, and assigned to defendants in error after loss. The case was submitted to the judge, who found conclusions of facts and law, rendering judgment for defendants in error for the sum of $779.40.

Plaintiffs in the original petition alleged that the defendant company executed its policy to E. Y. Adair, insuring him against loss by fire to the amount of $1,000 on his stock of merchandise kept in his store in Alvarado, Texas, from the 11th of November, 1882, to the 17th of November, 1883, and agreeing to pay the loss that should happen by fire thereto, not exceeding said sum, within sixty days after proof of the same required by defendant should be made by Adair and receipt of same at defendant's office; that on the 21st of December, 1882, the property insured was wholly destroyed by fire, of the value of $7,500; that assured made proof of loss required by defendant, whereby it became liable to said Adair and his assigns to pay said $1,000; that Adair assigned the policy to L. & H. Blum on the 22d of December, 1882, and they prayed judgment for the said $1,000 — the amount of the policy.

The original answer of defendant company admitted the execution of the policy, and that the fire occasioning the loss occurred on the 21st of December, 1882, and alleged that it was a condition of the policy, in case of loss, that the amount of damage to the prop-

erty might be determined by mutual agreement between the insurer and the insured, and that a particular statement of the loss should be rendered to the company as soon after the fire as possible, signed and sworn to by the assured, stating . . . the amount of loss or damage, and all other (concurrent) insurance, etc. That it was also a condition of the policy, in case of other (concurrent) insurance, that the insured should receive no greater proportion of the loss sustained than the sum " hereby insured " bears to the whole amount insured therein; that the adjusted claim should be payable sixty days after the completion by the assured of said requirements. The answer further alleged that there was $5,000 concurrent insurance in other companies. That on the 30th day of January, 1883, the assured and the defendant, by its adjuster, J. D. Kerfoot, who also was the authorized acting adjuster of the other companies having concurrent risks on the same property, made an adjustment of the loss and fixed, by mutual agreement, the amount, and made an apportionment thereof among concurrent insurers, as follows: Net loss, $3,422.07; concurrent insurance in other companies, $5,000; total insurance, $6,000; loss apportioned to N. O. Fire Association, $860.52; to the Home Insurance Company, $1,147.25; to the Liverpool, London, Globe, $286.84; to the City of London, $573.68; to the defendant (Fire Insurance Association of London), $573.68,— and that the adjustment was agreed to and accepted, and was conclusive. That the assured thereupon made out, signed and swore to his claim against the defendant for loss, in due form, claiming and accepting therein by special reference the adjustment fixing and determining the value of the loss thereunder against the defendant company at the sum of $573.83; and that the claim for loss, proofs of loss and adjustment (which was made an exhibit) were received at the office of the defendant company on the 2d of February, 1883; that within sixty days after receipt of same, the defendant offered to pay the amount of the claim, as adjusted, to the assignee, which was refused, and defendant was willing to pay the amount for which liability had been admitted.

The plaintiff, in response, filed first supplemental petition, admitting the concurrent insurance, and alleged that the plaintiffs were at the time of the adjustment owners of the claim, and known so to be by the defendant; that the defendant through its agent, Kerfoot, the adjuster, who was an adept in matters of insurance, procured said adjustment by " overreaching " said E. Y. Adair, who was unskilled in the intricacies of computation of loss for the purpose of adjustment of insurance, and that the adjustment was unfair and

untrue, and known to be so by Kerfoot; that Adair was induced to act therein by the threats of Kerfoot; that no greater loss than that suggested in said adjustment would be allowed. That the adjust- ment was erroneous and unjust; that the deduction of twenty per cent. on the inventory taken 15th September, 1882 (being inventory of stock then on hand, $4,240, and which was the admitted basis of adjustment), was excessive; that the depreciation was not more than five per cent., and moreover " that the inventory did not embrace an invoice of goods from S. Jacobs, Bernheim & Co., amounting to $944.18, which was on hand at the date of the inventory, but was unboxed and not opened, and was not included in the adjustment." That the sales as estimated in said adjustment for the period em- braced in the books were excessive; that the books did not afford a fair basis of calculation for estimating sales for periods not embraced therein; that the value of the goods insured and destroyed was $7,500, according to a formal statement set forth, after allowing a deduction of $1,988.37 for errors and oversights; that the plaintiffs were not consulted in the preparation of adjustment; that, hearing of the adjustment and the errors therein, plaintiff caused E. Y. Adair to prepare a more correct proof of loss, showing a loss of $7,500, which was delivered to the defendant on the 28th February, 1883, and informed it of the errors in the alleged adjustment of February 2, 1883, and that the plaintiff held the company liable for the full amount of the policy.

The defendant, by supplemental answer, excepted to all the allega- tions of plaintiff's supplemental petition in so far as the same sought to question or to reopen the adjustment, " because the allega- tions with respect thereto showed no ground good in law for reopen- ing the adjustment, or why the plaintiff should not be concluded thereby." The court overruled the exception.

*C. L. Cleveland*, for plaintiff in error, on his proposition that the adjustment of loss was conclusive between the parties, cited: Phillips on Insurance, pp. 501, 502, ch. 22; Dow *v.* Smith, 1 Caines, 32; Horan *v.* Long, 11 Tex., 230; Robertson *v.* Smith, 11 Tex., 211; 1 Story, Eq., secs. 105 and 146, note 2, and 149; Hall *v.* Jackson, 3 Tex., 305, and Mims *v.* Mitchell, 1 Tex., 443.

*Scott & Levi*, for defendants in error, that the adjustment was not conclusive, cited: 2 Phil. on Ins., § 1815, pp. 480, 481, 482, 483, and cases cited; Am. Ins. Co. *v.* Griswold, 14 Wend., 399; Christian *v.* Combe, 2 Esp., 489; Briggs *v.* Call, 5 Metc. (Mass.), 504; Brown *v.*

Hartf. Ins. Co., 5 R. I., 394; Jones *v.* Mech. Ins. Co., 36 N. J., 19; S. C., 13 Am. Rep., 415; 1 Wait's Act. and Def., 195, 196, and cases cited; 2 Wharton's Ev., §§ 1133, 1165, 1207; Thompson *v.* Herring, 27 Tex., 285.

STAYTON, ASSOCIATE JUSTICE.— There is no statement of facts in this case, and it must be disposed of on the conclusions of fact and law as found by the court.

From the former it clearly appears that a person appointed by the insurance company made an adjustment of the loss with Adair, after he had assigned the policy to the appellees, and that in that adjustment an entire invoice of goods purchased by the insured was omitted.

It also appears that the appellees were not given an opportunity to participate in that adjustment, notwithstanding they had given notice to the firm authorized by the insurance company to make the adjustment of their desire to do so, before the adjustment was made.

Under this state of facts it is contended that the adjustment so made was conclusive of the value of the property destroyed.

If the question were one between the insurance company and Adair, we are of the opinion that this proposition could not be sustained; and that he might show that in the adjustment, through inadvertence or mistake, he had omitted the invoice of goods not included.

It is believed that either party, after an adjustment has been made, and before payment, may avail himself, upon clear proof, of any defense, or may assert any right which he has under the policy, arising from facts not considered when an adjustment was made.

It would seem that, as between such parties, the adjustment is but evidence of the amount due, and sufficient of itself, if not rebutted, to make *prima facie* proof; but that, like other admissions, may be controverted and shown to be incorrect, and the real sum due shown. In the case of Luckie *v.* Bushby, 13 Com. Bench R., 877, this question was considered, and opinions given by three of the judges. Jervis, C. J., said: " I think the adjustment has not the effect of ascertaining and rendering liquidated the amount of the plaintiff's claim, so as to dispense with the intervention of a jury; but it is only a means to enable the jury to fix the amount for which their verdict ought to be given. It is not an absolute and final settlement which is to be binding upon the parties. It may or may not; though generally it will be binding and conclusive on the jury and on the parties as to the amount." Creswell, J., said:

"This action undoubtedly is an action for unliquidated damages. By the adjustment the parties have agreed that the damages shall be assessed at a certain sum. It may be that this would prevent either from saying, without some substantial ground, that the sum so agreed is not the proper measure of damages; but still it is only a mode of enabling the jury more easily to arrive at the proper estimate. Suppose the plea had gone further, and said that the plaintiff had agreed to accept the sum mentioned in satisfaction and discharge of his claim upon the policy, even that would not have rendered this any other than an action for unliquidated damages."

Talfourd, J., said: "I am entirely of the same opinion. The adjustment undoubtedly is strong evidence to determine the amount of the plaintiff's claim upon the policy, but it is not conclusively binding upon the parties. Practically, it may or may not be that the adjustment dispenses with the decision of a jury as to the amount of the damages; but still there may be other evidence; it may be shown that there was mistake or misrepresentation."

The following authorities sustain the views we have expressed: Elliott v. Royal Exchange Assurance Co., 13 L. R., 2 Exch., 240; Herbert v. Champion, 1 Camp., 136; Shepherd v. Chewter, 1 Camp., 274; 1 Greenl., 212; Wood on Insurance, sec. 468; Phillips on Insurance, 1814, 1817, 2151; 6 Wait's Actions, 412, 427; 1 id., 195, 196.

Adair, however, was not the real beneficiary in the policy at the time the adjustment was made; before that time it had been assigned to L. & H. Blum. The policy, upon its face, contemplated that such an assignment might be made; the assignees desired to participate in the adjustment, and of this the firm, authorized by the appellant to make it, had notice; nothing has transpired to prejudice the right of the appellant or of any third person, and we are of the opinion, even if the adjustment could have been held conclusive between the appellant and Adair, that it cannot be so held as against the appellees. There is nothing in the policy, so far as it is set out, which requires a different holding, and we see no reason why the appellees should be bound by the admissions of Adair made after he had parted with his title to the policy and right to receive the amount due on it.

We may say of the appellees and their right as was said by the supreme court of Rhode Island in Brown v. Insurance Co., 5 R. I., 399, "In common justice, their interest in the policy required their assent to the adjustment of the loss, in order to make it binding

upon them, whether the adjustment were made directly or through the intervention of arbitrators appointed to make it." There is no error in the judgment, and it is affirmed.

AFFIRMED.

[Opinion delivered February 10, 1885.]