JAMES COX (W. R. McLAURY, INTERVENER) v.
I. K. WATELSKY ET AL.

Decided January 25, 1902.

</div>

**Illegal Contract—Action on Liquor Bond—Champerty and Barratry.**

   In an action on a liquor dealer's bond by a father for damages for sale of liquor to a minor son, an assignee of one-half the claim for such damages intervened, seeking recovery. Defendants pleaded that intervener had been guilty of barratrous conduct in willfully encouraging and inciting plaintiff to bring the suit, with intent to harass them, and offered evidence to show that intervener had instituted several similar suits against them without justification, and that he once proposed to a witness that he take his young brother into defendant's saloon, and then sue on the bond, and they would divide the recovery, saying that defendants were robbing the people, and it was no harm to rob them. Held, that the evidence should have been admitted, since the statute as to barratry makes it a penal offense for anyone to willfully instigate the bringing of a suit with intent to harass or distress the defendant., and if there were such instigation, and if it and the contract for the fee, with assignment to intervener of one-half the claim or fee, were parts of the same transaction, the contract thereby became tainted with illegality and unenforcible.

   Appeal from the County Court of Tarrant. Tried below before Hon. M. B. Harris.

   *Orrick & Terrell*, for appellants.

   *Robert G. Johnson*, for appellee.

ON MOTION FOR REHEARING.

CONNER, Chief Justice.—On a former day of the term the judgment in this case was affirmed in an oral opinion, but on motion for rehearing we have finally concluded that we were in error in so doing.

As originally instituted the suit was in the County Court by James Cox upon a liquor dealer's bond, in statutory form, given by I. K. Watelsky and the other appellants as sureties. The breaches alleged, as we originally construed the petition, were substantially but two, to wit: that Watelsky's agent had given and permitted the giving of beer, an intoxicating liquor, to one Arthur Cox, a minor son of James Cox, and had permitted said minor to remain in the saloon owned and kept by Watelsky, where said beer had been so given contrary to the obligations of said bond, the damages being laid in the sum of $1,000.

Appellants in defense pleaded, in substance, settlement and payment to Cox, the original plaintiff, and that W. R. McLaury, who had intervened and set up an assignment of one-half of the cause of action to him, had been guilty of barratrous conduct, in willfully encouraging and inciting James Cox to bring the suit with intent to harass Watelsky and his sureties, and that the assignment to McLaury was therefore void and insufficient to authorize the recovery sought by him by virtue thereof.

On the trial the breaches of the bond alleged were established beyond controversy, as was also the fact that, after the institution of the suit, appellants had compromised with and paid James Cox $110 in full settlement of the cause of action, and Cox in accord therewith had refused to further prosecute the suit. James Cox, however, had executed and delivered to McLaury an assignment of one half of the cause of action, as alleged, and the other facts were such as that McLaury was entitled to recover herein as therein provided unless defeated by reason of barratrous conduct in procuring the contract as alleged by appellants. The court instructed the jury that no barratry was shown, and refused to submit the issue; and intervener therefore obtained judgment for $500 (one-half of the damages shown), from which this appeal has been prosecuted.

We will notice but one question, and that arises upon the action of the court, here duly presented, in excluding evidence offered by appellants to the effect that prior to the present suit intervener had instituted several other like suits against them without legal justification, as was to be inferred from the fact that they were afterwards dismissed without further prosecution, and in all of which appellants had been harassed and burdened with costs, payment of attorneys fees, etc., and evidence also, in substance, as shown in the bill of exceptions taken to its exclusion, that in April, 1899, about the time the breach of bond in this case occurred, intervener had approached one Bud Clements and proposed to him that he, Clements, should "carry his younger brother" into Watelsky's saloon, and that then suit should be brought; that he, intervener, would pay the expenses and divide the recovery,—at the same time remarking that

"they were diamond-breasted Jews, and that they had no business in this country; that they were robbing people and that there wasn't any harm to rob them," or words to that effect. This evidence was offered for the purpose of showing intent and malice toward the particular defendants involved, but was excluded as irrelevant and immaterial.

While the evidence may have been insufficient to establish barratry, as defined by the article of the Criminal Code applicable herein (Penal Code, article 290), as was evidently concluded by the trial court, and with which view we originally concurred, it is nevertheless undeniably true that there was evidence tending to show that, prior to the institution of the suit, intervener "instigated," "incited," or "encouraged" its institution. He made several visits to the home of James Cox with this apparent purpose. He met Cox's objection that the institution of the suit would involve the payment of costs with the proposal that he (intervener) would see to that, and finally procured the contract or assignment mentioned.

If such instigation, incitement, or encouragement, if any, was "willfully" done by intervener, as that term is used in the Penal Code, and with "intent to distress or harass" I. K. Watelsky, then by the article cited he was guilty of a misdemeanor, a penal offense punishable as such. If so, and the contract for fee was but part of the transaction or negotiations, it thereby became tainted with the illegality of the proceedings, and unenforcible, in accord with the principle that no court will lend its aid in the enforcement of a contract tainted with fraud or illegality. See also 5 Am. and Eng. Enc. of Law, 2 ed., p. 815, et seq., for the effect generally given somewhat similar contracts denominated as "champertous."

We think the evidence mentioned was relevant and material upon the issue of intent. The jury would be entitled to consider the same in determining the intent, purpose, and spirit of intervener in "encouraging" the suit, if the jury should find that he did so. We therefore conclude that the court erred in excluding the evidence offered that is designated in bills of exception numbers 1, 3, and 4.

In remanding the case for a new trial we think it proper to say that, while we have construed the original petition as only declaring upon two separate breaches of the bond, it is nevertheless not entirely clear that the petition should be so limited. The question of the jurisdiction of the County Court so involved, however, is so easily remedied by amendment that we forbear discussion.

Judgment reversed and cause remanded.

*Reversed and remanded.*