H. L. MEADOR ET AL. V. REBECCA A. ADAMS.

Decided June 20, 1903.

**Liquor Dealer's Bond.**

The principle of law which invalidates, in whole or in part, a statutory bond upon the ground that its conditions are more onerous than required by the statute under which it was executed, does not apply when the bond, voluntarily executed and acted upon, is in an amount in excess of that required by statute. In any event, such a bond, being unattended by fraud upon the obligors, under color of law, would be valid to the amount prescribed by the statute. Note the opinion arguendo on the principle.

Appeal from the District Court of Erath. Tried below before Hon. W. J. Oxford.

*Martin & George,* for appellants.

*Daniels & Keith* and *G. H. Goodson,* for appellee.

CONNER, CHIEF JUSTICE.—Appellee sued appellant Meador and the sureties on his retail liquor bond, alleging as breaches thereof that said Meador had on divers specified occasions permitted Harry B. Adams, appellee's minor son, to enter and remain in his place of business for retailing malt liquors, and had therein given and sold beer to said minor. The trial resulted in a judgment for appellee in the sum of $1000 for two infractions of the bond.

The case appears before us upon an agreed state of pleading and fact as provided in article 1414 Sayles' Texas Civil Statutes. Therefrom it appears that appellant, about February 1, 1902, duly applied for and procured license to do business as a dealer in malt liquors exclusively, to be drunk on the designated premises, and therefor gave the bond sued on in this case, with John M. Dockery and Stark West as sureties, thereafter engaging in business as specified in the license. The bond was duly presented to and approved by the county judge of Erath County, and is in form and upon conditions in all respects as required by Revised Statutes, article 5060g, as amended by act approved April 27, 1901, save that it is in the sum of $5000 instead of $1000, as is by said article required of persons dealing exclusively in malt liquor. It is agreed that in all other particulars the pleading and proof support the judgment, the sole question presented being whether the bond in question is void by reason of the variance noted. Appellants' contention is that the bond is more onerous than required by law, and hence nonenforcible.

The article of the statute so far as necessary to quote is as follows: "Article 5060g. Any person, firm or association of persons desiring to engage in the sale of spirituous, vinous or malt liquors, or medicated bitters capable of producing intoxication, to be drunk on the premises, shall, before engaging in such sale be required to enter into bond in the sum of $5000; provided, however, that any person, firm or corporation

dealing in exclusively malt liquors shall be required to give bond only in the sum of $1000, with at least two good lawful and sufficient sureties, payable to the State of Texas, to be approved by the county judge, conditioned," etc., as provided in the article. The conditions relating to the dealer in "spirituous, vinous or malt liquors or medicated bitters capable of producing intoxication, to be drunk on the premises," also relate and apply to persons dealing "exclusively" in malt liquors. No discrimination whatever is made in that statute between the two classes of dealers therein named save that one who deals exclusively in malt liquors to be drunk on the premises, is not required to give bond in a sum greater than $1000.

Does the fact that the bond sued on is in the greater sum render the bond more onerous in the sense in which that term is used when invoked as a defense to an obligation sought to be enforced?

We can not think so under the circumstances of this case. The lexicographers define onerous as "burdensome or oppressive." When given and approved the acts inhibited were not other or different than would have been the case had the bond been made in the sum of $1000. The conditions and limitations affecting his business were no greater or less in one case than the other. The obligation resting upon appellants was precisely the same save that, possibly, the consequences of repeated violations of his obligation was greater. The sum in which the bond was made payable is merely the aggregate amount fixed to provide for the payment prescribed for a violation of the law and the terms of the bond. In other words, it is the mere penalty and not a condition for a violation of which the obligors become liable by virtue of its terms for the payment of a fixed sum in the nature of liquidated damages to an aggrieved person.

What would be the effect if bond in the unnecessarily greater sum had been required and given under circumstances in the nature of coercion need not be considered, as such clearly is not the case before us. It was not alleged to have been made under duress, and it appears that the execution of the bond was purely voluntary. The only suggesttion in this particular is the appellants' special plea and the testimony of appellant, Meador, to the effect that the bond sued on was executed under the mistaken belief that it was a malt liquor dealer's bond.

Appellant Meador testified: "I can read and write. I executed and delivered the bond in this case to the county judge myself. I executed the bond in Waco, Texas. The sureties were not in my presence when they signed the bond. I did not read over the bond. I went into business in Dublin, Erath County, Texas, in the house known there as the Klondike saloon, and continued in business under this bond, and it served me the purpose of running a malt liquor business under. I dealt in malt liquors only. Although I gave a $5000 bond when the law required that $1000 bond was sufficient for a dealer in malt liquor, yet the $5000 bond served my purpose in dealing in malt liquor. I did not know the amount or the conditions of the bond, but I thought I was

executing a bond for the purpose of getting a license to sell malt liquors only. I did not know I was signing a bond for a dealer in whisky. I thought it was a malt liquor dealer's bond which I had signed."

That is his entire testimony and no other was offered on the point. We think it utterly fails to show coercion or duress in any sense. It was voluntarily presented to the proper officer for approval, and served the full purpose in view. If it was a mistake on appellant's part it was unilateral, and occasioned by his own negligence, and he can not now be heard to say that he failed to read the bond and avail himself of the mistake if any. Our statutes in certain garnishment proceedings require bonds in double the amount of the debt sued for, and in cases of certain county, district and State officers bonds in a fixed amount are required. Can it be said with any show of reason that voluntary makers of any such bond in greater amount than is required by law relating thereto, are entitled to release on the sole ground that the same was more onerous than required by law? It seems to us that the doctrine invoked has no application in such cases.

It is said in Johnson v. Erskine, 9 Texas, 5, that "to render a bond void for want of conformity to a statute it must be made so by express enactment, or must be intended as a fraud on the obligors, by color of law, by an evasion of the statute." In the case before us the statute has not forbidden bonds in greater sum than required by the statute, nor declared the result of nonconformity therewith in the particular under consideration, and to at least the extent of the amount required by the statute and of the judgment in this case we think it undoubtedly valid.

In Murfree on Official Bonds, sec. 33, it is said: "If the departure from the prescribed formulae of the statute be that the penalty in the bond is greater than that authorized by the statute, the bond is nevertheless valid as to the statutory amount, to that extent regular, and official, and void only as to the surplus." And the same author in sec. 61, says: "It sometimes occurs that a bond prescribed by a statute and required by it to be taken by a specified officer, is so drawn that it contains conditions in excess of those specified by the statute. In such a case, the question arises whether the bond is valid at all, and if so, to what extent. The law in such case seems to be settled, that if such bond be voluntarily executed by its obligors, it is valid so far as it imposes obligations authorized by the statute, but the stipulations which are in excess of it, may be rejected as surplusage. If the penalty of a bond voluntarily given be larger than that prescribed by the statute, the bond is not void for that reason; it is valid to the amount of the statutory penalty, and void only as to the excess." See also the State v. Wharton, 26 Texas Civ. App., 2627, and authorities cited in 8 Cent. Dig., C. 49, sec. 38.

We think it clear that the judgment should be affirmed, and it is so ordered.

*Affirmed.*