## W. R. McLAURY v. I. K. WATELSKY ET AL.

### Decided May 10, 1905.

**1.—Liquor Dealer's Bond—Constitutional Law.**

The statute of this State (Rev. Stats., art. 5060g) giving a right of recovery upon a liquor dealer's bond for selling to a minor is not in violation of the Fourteenth Amendment of the Federal Constitution. Following Douthitt v. State, 98 Texas, 344.

**2.—Same—Native Wines—Discrimination.**

The provision in the Liquor Dealer's Act (Rev. Stats., art. 5060i) exempting native wines in the hands of the producers or manufacturers thereof is not a discrimination against the retail liquor dealer of which he can complain, since such wines in his hands for sale are subject to the same regulations as other liquors, and his liability on his bond as such dealer can not be affected thereby.

**3.—Same—Damages—Jurisdictional Amount—Pleading.**

Where in a suit on a liquor dealer's bond the original petition alleged more than two breaches ($500 penalty for each), but damages were claimed in the sum of $1,000 only, the County Court had jurisdiction, and hence a second petition, filed two years later and alleging only two breaches, did not for the first time set up a case within the jurisdiction, barred at that time by limitations.

**4.—Same—Pleading—Ad Damnum Clause.**

 The ad damnum clause in a petition fixes the jurisdiction of the court when it depends on the amount of the matter in controversy.

**5.—Same—Statutory Bond too Onerous—Surplusage.**

 The fact that a liquor dealer's bond binds not only the maker and his sureties, but also, and in addition to the statute, their heirs and legal representatives, does not render the bond invalid, since an action thereon is penal and does not survive the principal obligor, and the additional matter may be rejected as surplusage.

**6.—Same—Caption of Act—Gifts and Sales.**

 If the provision in the Liquor Dealer's Act prohibiting a gift of liquors be inoperative because the matter of gift is not mentioned in the caption, this does not affect the validity of the remainder of the Act, or prevent recovery on a liquor dealer's bond for breach thereof in selling liquor to a minor.

**7.—Same—Assignment of Claim for Damages.**

 A claim of damages for breach of a liquor dealer's bond, or a part of such claim, may under the statute be assigned to an attorney for prosecuting the claim, and such assignment is valid as against those having notice of it, though made before the suit was begun and not filed on the docket. Rev. Stats., art. 4647.

Appeal from the County Court of Tarrant. Tried below before Hon. R. F. Milam.

*Robt. G. Johnson,* for appellant.—1. A bond is not void because its requirements are too onerous, "when that which is prescribed is distinctly stated in the bond, but more, not necessary, is superadded, because the unnecessary addition may be rejected as surplusage, retaining that which is properly set out and which makes the bond a good one." Rev. Stats., art. 3380, 5 Cyc., 748; Meador v. Adams, 76 S. W. Rep., 238; Jones v. Langham, 29 Texas, 417; Williford v. State, 17 Texas, 657.

 2. The statute is not unconstitutional because the giving of liquors is not named in the caption, nor is it class legislation. Peavy v. Goss, 90 Texas, 92; Fahey v. State, 11 S. W. Rep., 108; Stone v. Brown, 54 Texas, 341; Giddings v. San Antonio, 47 Texas, 556; Tadlock v. Eckles, 20 Texas, 792.

 3. The right and power to assign any cause of action upon which suit has been brought exists entirely independent of the mode of giving notice of such assignment to the person liable to the action. Rev. Stats., art. 4647; Railway v. Miller, 53 S. W. Rep., 711; Railway v. Ginthen, 72 S. W. Rep., 167; Railway v. Vaughan, 40 S. W. Rep., 1065; Railway v. Winton, 66 S. W. Rep., 480; Railway v. Wooten, 30 S. W. Rep., 685; Dixon v. Holt, 70 S. W. Rep., 342.

 4. That the ad damnum clause in a petition fixes the jurisdiction of the court when it depends on the amount of the "matter in controversy," see Dwyer v. Bassett, 63 Texas, 276; Hoffman v. Building & L. Assn., 85 Texas, 410; Ross v. McGuffin, 2 Will., sec. 485; Brown on Jurisdiction (2d ed.), p. 98.

*Orrick & Terrell,* for appellees.—1. A cause of action resting on a penalty can not be assigned unless by the terms of some statute, and

then only in the method prescribed in the statute. Rolls v. Johnson, 79 S. W. Rep., 513; Nye v. Moody, 70 Texas, 435.

2. The court erred in overruling demurrer number 4 to the pleadings of the intervenor, for that the law giving a right of recovery upon the liquor dealer's bond therein sued upon is violative of section 1. article 14, of the Constitution of the United States, in that it is class legislation.

We copy this assignment again for the reason that it states our proposition of law very concretely, and ask that it be considered as a proposition. Rev. Stats, sec. 5060 d; Union Sewer Pipe Co. v. Connolly, 184 U. S., 540; American Sugar Refining Co. v. Louisiana, 179 U. S., 89; State v. Shippers' Compress Co., 95 Texas, 603; State v. Benguch, 70 S. W. Rep., 712-720; Vance v. W. A. Vandercoot Co., 170 U. S., 438; Scott v. Donald, 165 U. S., 58-107.

3. The amount claimed in the original petition not being within the jurisdiction of the court, intervener's claim for an amount within the jurisdiction, asserted more than two years after the alleged breach of the bond, is barred by limitations. Oppenheimer v. Foelter, 3 W. & W., 320; Automatic Car Coupling Co. v. League, 54 Pac. Rep., 642; Bergman v. Inman, Poulsen & Co., 91 Fed. Rep., 293; Spokane v. Prescott, 50 Pac. Rep., 661; Sonoma v. Hall, 62 Pac. Rep., 257; State v. Davis, 71 Pac. Rep., 68; Edwards v. Woodbury, 156 Mass., 21.

NEILL, ASSOCIATE JUSTICE.—This suit was originally filed on the 18th day of August, 1899, by James Cox against I. K. Watelsky and his sureties, for a breach of the conditions in his bond as a liquor dealer. In the original petition, and in the first amended original petition, which was filed on the 10th of October, 1899, the breach of the bond was alleged substantially as follows: "Plaintiff further avers and charges that heretofore, on to wit, the 27th day of April, 1899, defendant, I. K. Watelsky, in person, etc., . . . did sell and deliver, did then and there permit to be sold and delivered to, did give and permit to be given to, plaintiff's said son, in defendant's said house, place of business aforesaid, in quantities less than one quart, a large number of drinks of beer, called glasses of beer, to wit, five glasses of beer, which said beer was sold and delivered to said infant son of plaintiff by said Sam Miller, who was then the duly constituted and acting agent of defendant, I. K. Watelsky, for such purposes," etc. "That on the same day and time, and on sundry and divers other days and times about said day and time, viz., on or about April 27, 1899, said defendant, I. K. Watelsky, did permit and allow plaintiff's said infant son to enter and remain in said defendant's said place of business."

The *ad damnum* clause in the said petitions is as follows, substantially: "Whereby the terms, obligations and conditions of said bond was broken and violated by defendant, I. K. Watelsky, and plaintiff was and is thereby injured and aggrieved, and whereby plaintiff sustained damages in the sum of $1,000, whereby Watelsky and his sureties became indebted and bound to pay plaintiff damage in the sum of $1,000."

The defendants having plead in substance a settlement and payment to Cox, on the 25th of April, 1900, appellant, W. R. McLaury, in-

tervened in the suit and alleged that by virtue of an assignment in writing made to him on the 19th day of August, 1899, by plaintiff he was the owner of one-half of the cause of action set out in the original petition, and asked judgment against defendants in his own right for the sum of $500 and costs.

The trial was had between intervenor and the defendants on said plea of intervention, and judgment being rendered in favor of intervenor, defendants appealed and on such appeal the judgment was reversed by the Court of Civil Appeals of the Second District on January 25, 1902. Watelsky v. Cox, 27 Tex. Civ. App., 478, 66 S. W. Rep., 327. Then, on the 29th of September, 1902, intervenor amended his plea of intervention, the amendment differing from the original plea in that the original in itself set up no independent cause of action against defendants, it being necessary that the pleadings of intervenor and plaintiff be taken together in order to constitute a cause of action, whereas the amendment in itself, without the aid of plaintiff's pleadings, set up a complete cause of action in intervenor; i. e., if the facts alleged in the amended plea state a cause of action in him.

To this amended plea of intervention the defendants interposed a number of exceptions, some of which were sustained and others overruled. The exceptions sustained, if the court were correct in its rulings, left intervenor without a cause of action, and, he having declined to amend, final judgment was entered in favor of defendants dismissing his suit against them. From this judgment he has appealed, and the exceptions sustained to his plea of intervention are made the basis of his assignments of error. The defendants have filed cross-assignments of error based upon the court's overruling certain exceptions that they interposed to the plea of intervention.

*Opinion.*—As we have concluded to reverse the judgment for reasons of error assigned by appellant, we will consider first appellees' cross-assignments.

1. Appellees' third cross-assignment of error complains that the statute of this State giving the right of recovery upon a liquor dealer's bond is in violation of section 1, article 14, of the Constitution of the United States, and that the court erred in not sustaining, on that ground, their exception to the plea of intervention.

It seems to us that the very question raised by this assignment is settled by the Supreme Court in Douthitt v. State, 83 S. W. Rep., 795. But appellees' counsel insist that the opinion is wrong, and, as our jurisdiction is final, kindly suggests that this case may be taken to the Supreme Court of the United States, and requests us to overrule that opinion. While this request is modest, it does us honor overmuch, and it might be, on that account, we would be inclined to grant it, if we did not fully concur with a court which is superior to this.

To avoid the effect of opinions of the Supreme Court of the United States, counsel for appellees in their argument say: "It should be remembered, that it has been held by the Court of Criminal Appeals, in substance, that: "Under our Constitution, by reason of the want of power in the Legislature to pass prohibitory laws, every man enjoys a right to pursue the business of a retail liquor dealer, as much so as

the right to sell dry goods, when local option has not been put in force in the manner authorized by the Constitution." We confess that we are not as familiar with the decisions of that court as we would like. to be, and, for that reason, regret that counsel failed to cite the opinion to which they refer. Out of respect for the learning of the distinguished judges who compose that court we have not tried to find where it has made any such ruling, but have concluded that counsel are mistaken when they say that that court has held that under our Constitution there is "the want of power in the Legislature to pass prohibitory laws." We know of no such limitation upon the power of the Legislature. The State Legislature, except when restrained by the Federal or the State Constitution, is, from the very nature of our institution, vested with plenary legislative power. In fact our penal code is filled with prohibitory laws. But let it be conceded that "every man enjoys a right to pursue the business of a retail liquor dealer as much so as the right to sell dry goods," it by no means follows that the liquor dealer's Act is unconstitutional.

As it is said by Justice Field in Crowley v. Christensen, 137 U. S., 86: "It is undoubtedly true that it is the right of every citizen of the United States to pursue any lawful trade or business, under such restrictions as are imposed upon all persons of the same age, sex and condition. But the possession and enjoyment of all rights are subject to such reasonable conditions as may be deemed by the governing authority of the country essential to the safety, health, peace, good order and morals of the community. Even liberty itself, the greatest of all rights, is not unrestricted license to act according to one's own will. It is only freedom from restraint under conditions essential to the equal enjoyment of the same right by others. It is then liberty regulated by law. The right to acquire, enjoy and dispose of property is declared in the Constitutions of several States to be one of the inalienable rights of man. But this declaration is not held to preclude the Legislature of any State from passing laws respecting the acquisition, enjoyment and disposition of property. . . . And as to the enjoyment of property, the rule is general that it must be accompanied with such limitations as will not impair the equal enjoyment by others of their property. *Sic utere tuo ut alienum non laedas* is a maxim of universal application.

"For the pursuit of any lawful trade or business, the law imposes similar conditions. Regulations respecting them are almost infinite, varying with the nature of the business. Some occupations by the noise made in their pursuit, some by the odors they engender, and some by the dangers accompanying them, require regulations as to the locality in which they shall be conducted. Some by the dangerous character or the articles used, manufactured or sold, require, also, special qualifications in the parties permitted to use, manufacture or sell them. All this is but common knowledge, and would hardly be mentioned were it not for the position often taken, and vehemently pressed, that there is something wrong in principle and objectionable in similar restrictions when applied to the business of selling by retail, in small quantities, spirituous and intoxicating liquors. It is urged that, as the liquors are used as a. beverage, and the injury following them, if taken in

excess, is voluntarily inflicted and is confined to the party offending, their sale shall be without restrictions, the contention being that what a man shall drink, equally with what he shall eat, is not properly matter for legislation.

"There is in this position an assumption of a fact which does not exist,—that when the liquors are taken in excess the injuries are confined to the party offending. The injury, it is true, first falls upon him in his health, which the habit undermines; in his morals, which it weakens; and in the self-abasement which it creates. But, as it leads to neglect of business and waste of property and general demoralization, it affects those who are immediately connected with and dependent upon him. By the general concurrence of opinion of every civilized and Christian community, there are few sources of crime and misery to society equal to the dram shop, where intoxicating liquors, in small quantities, to be drunk at the time, are sold indiscriminately to all parties applying. The statistics of every State show a greater amount of crime and misery attributable to the use of ardent spirits obtained at these retail liquor saloons than to any other source. The sale of such liquors in this way has therefore been, at all times, by the courts of every State, considered as the proper subject of legislative regulation. Not only may a license be exacted from the keeper of the saloon before a glass of his liquors can be thus disposed of, but restrictions may be imposed as to the class of persons to whom they may be sold, and the hours of the day, and the days of the week, on which the saloons may be opened. Their sale in that form may be absolutely prohibited. It is a question of public expediency and public morality, and not of federal law. The police power of the State is fully competent to regulate the business—to mitigate its evils or to suppress it entirely. There is no inherent right in a citizen to thus sell intoxicating liquors by retail; it is not a privilege of a citizen of the State or of a citizen of the United States. As it is a business attended with danger to the community, it may, as already said, be entirely prohibited, or be permitted under such conditions as will limit to the utmost its evils. The manner and extent of regulation rests in the discretion of the governing authority. That authority may vest in such officers as it may deem proper the power of passing upon applications for permission to carry it on, and to issue licenses for that purpose. It is a matter of legislative will only. As in many other cases, the officers may not always exercise the power conferred upon them with wisdom or justice to the parties affected. But that is a matter which does not affect the authority of the State, or one which can be brought under the cognizance of the courts of the United States."

This decision is followed in Cronin v. Adams, 192 U. S., 108, 48 Law Ed., 365. These decisions, we think, effectually dispose of the assignment insofar as it questions the power of the Legislature to enact the liquor dealer's law. The contention that the provision in the law that it shall not apply to wines produced from grapes grown in the State, while the same is in the hands of the producers or manufacturers thereof, is settled in the opinion of the Supreme Court in Douthitt v. State, 83 S. W. Rep., 796. We think, however, even should it be held

that such provision is invalid, such holding would not affect the merits of this case, for when wines produced from grapes grown in this State are in the hands of a retail liquor dealer for sale, the sale by him is subject to the same regulations that other liquors are, whether produced in this State or not. If, therefore, the provision discriminates against any one, it is not against the retail liquor dealer, but against the venders of liquor other than wines produced from grapes grown in this State.

2. The next and only other cross-assignment insisted upon by appellees, complains that the court erred in overruling their exception to appellant's plea in intervention, which points out that such plea shows upon its face that the cause of action therein set out is barred by the statute of limitation. The insistence under this assignment is that, inasmuch as the original petition in the case charges that Watelsky "did sell and deliver, did then and there permit to be sold and delivered to, did give and permit to be given to, plaintiff's said son in defendants' said house, place of business aforesaid, in quantities less than one quart, a large number of drinks of beer, called glasses of beer, to wit, five glasses of beer, which said beer was sold and delivered to said infant son of plaintiff," etc., plaintiff's cause of action was for an amount in excess of the jurisdiction of the County Court, and that, as intervenors' first amended plea of intervention for the first time declared upon an amount within such jurisdiction, two years having elapsed between the alleged sales to plaintiff's minor son and the filing of such amended plea, it was barred by the statute of limitation.

It will be seen from our statement of the case that plaintiff's original and amended petition laid the damages complained of at $1,000, which amount is within the jurisdiction of the County Court. This, though more than two sales of beer were alleged to have been made by defendant to plaintiff's minor son, limited his recovery to $1,000. The ad damnum clause in a petition fixes the jurisdiction of the court when it depends on the amount of the matter in controversy. Dwyer v. Bassett, 63 Texas, 286; Hoffman v. Building & Loan Assn., 85 Texas, 410; Brown on Jurisdiction (2d ed.), 98. It is thus seen that the premise upon which this assignment is based is false. Therefore the assignment of error can not be maintained.

3. Among the exceptions interposed by defendants to intervenor's plea is the following: "Defendants demur to said plea of intervention, and allege that the bond sued upon purports to be a statutory bond, but that said bond is more onerous than is required by law, in that same is a joint and several obligation and binds not only the maker thereof and the sureties, but their heirs, executors, and administrators for the payment of the same. That said bond, being for a penalty, becomes void and of no effect upon the death of the maker thereof, if the same were a statutory bond and conditioned as required by law, but the bond is not so conditioned, as it binds the signers jointly and severally, their heirs and executors." This is made the basis of appellant's first assignment of error. The part of the bond which was made the subject of the exception referred to in the assignment is as follows: "That we, I. K. Watelsky, as principal, and Sam Levy and R. L. Tinsley, as sureties, are held and firmly bound unto the State of Texas in the sum of $5,000, for the payment of which we bind ourselves,

our heirs and legal representatives, jointly and severally; conditioned," etc. As an action of this character is penal and does not survive the principal obligor in the bond, that part of it which undertakes to bind the heirs and legal representatives of Watelsky can be of no effect; but this does not render the bond nugatory, and may be rejected as surplusage. It seems to be well settled that a bond is not void because its requirements are too onerous "when that which is prescribed is distinctly stated in the bond, but more, not necessary, is superadded, because the unnecessary addition may be rejected as surplusage, retaining that which is properly set out, and which makes the bond a good one." Meador v. Adams, 76 S. W. Rep., 238; Jones v. Langham, 29 Texas, 417; Wilford v. State, 17 Texas, 657, 5 Cyc. 748. When this principle is applied, the bond is in compliance with article 3380, Revised Statutes, and is a good one.

4. Another exception of defendants to intervenor's plea, which was sustained by the court, is as follows: "Defendants demur to said plea of intervention, for that the act upon which the same is based, and the acts alleged as the foundation of said cause of action are alleged to be the giving of two glasses of beer to Arthur Cox, and allege the ground of demurrer that said law is void and of no effect, in that the Act creating said law is to regulate the sale of spirituous, vinous and malt liquors, and provides penalties for the violation thereof, and nowhere in the caption of the Act does it specify any purpose whatsoever, except that of regulating sales, and not the giving, which are separate and distinct acts, and the Act of the Legislature, insofar as it undertakes to regulate gifts of intoxicants, is violative of section 35, article 3, of the Constitution of the State of Texas and article 14 of the Constitution of the United States, and is class legislation, so far as it undertakes to impose a penalty for the giving of spirituous, vinous and malt liquors, and the bond required thereunder, and the conditions of said bond are likewise void and of no effect." The action of the court in sustaining the exception is the basis of appellant's second assignment of error.

The question raised by that part of the exception which is directed against the validity of the bond under the Constitution of the United States, has been disposed of by us in considering appellees' first cross-assignment of error. The contention of appellees that the Act upon which this case is based is void, in view of article 3, section 35, of the Constitution of this State, was directly passed upon and the constitutionality of the Act sustained by the Supreme Court in Peavy v. Gross, 90 Texas, 92. The very section of the article of the Constitution relied upon by appellees provided that: "If any subject shall be embraced in an Act which shall not be expressed in the title, such Act shall be void only as to so much thereof as shall not be so expressed." Therefore the court erred in sustaining the exception referred to in the assignment of error under consideration.

The remaining assignment of error is predicated upon the court's sustaining the following exception: "And specially demurring to the same they say that the plea of intervention of the said McLaury does not show that he has such interest in this cause of action, transferred

to him in such manner and under such circumstances as the law directs, and as would give the said McLaury a cause of action against these defendants, in that the same does not show that the said transfer, set up by the said McLaury, was duly noted upon the trial docket of the County Court as the law directs, or of any docket whatever, or that any other step made necessary by law to a valid transfer was taken in connection with said transfer"—to appellant's plea of intervention.

The intervenor plead that plaintiff, James Cox, on the 19th day of August, 1899, in consideration of professional services to be rendered in this case by intervenor, assigned to him in writing one-half of his claim against defendants, and that defendants settled with plaintiffs, having full knowledge of such assignment. In view of the principle that courts must take judicial knowledge of their own records and proceedings, it appears that this suit was filed by intervenor for the plaintiff before the alleged assignment of one-half of the latter's cause of action against defendants was made to appellant. Besides, the contract of assignment between intervenor and plaintiff is set out in full in defendants' answer and shows on its face that this suit was filed before the contract was entered into.

We do not question appellees' proposition that at common law a cause of action of this character did not survive, and was therefore not assignable. 42 Cent. Law Jour., 5. While it is true that, at common law, and as a general rule, the qualities of assignability and survival are tests of each other, and convertible terms, it does not follow that the Legislature may not break that connection and furnish a new and statutory rule of assignability. Blake v. Griswold, 104 N. Y., 616. By article 4647, Revised Statutes, the Legislature of this State has broken that "connection" and furnished a new and statutory rule of assignability of causes of action. The article referred to is by its terms expressly applicable "to any and all judgments, suits, claims and causes of actions, *whether assignable in law and equity or not.*" At common law an action for injuries to a person was not assignable, but it has been held that under said article such an assignment to attorneys as compensation for prosecuting the suit, is valid as against those having notice, though made before a suit was commenced, and not filed or noted on the docket. Railway v. Ginther, 70 S. W. Rep., 96, 96 Texas, 295, 77 Texas, 166. This same question was before the Court of Civil Appeals of the Second District on the prior appeal of this case, and it was then held that intervenor was entitled to recover by virtue of said assignment, unless defeated by reason of barratrous conduct in procuring the contract as alleged by appellants. The question of barratry is one of fact, and not before us on this appeal. Therefore the effect of the opinion referred to is to uphold the assignment as against the exception urged by appellees to intervenor's plea. We concur in that opinion, as we believe it is the logical sequence of article 4647, Revised Statutes, and decisions thereunder when applied to the pleadings in this case. We hold, therefore, that this assignment of error is well taken.

For the reason of the errors indicated, the judgment of the County Court is reversed and the cause remanded.

*Reversed and remanded.*