HOME BENEFIT ASS'N NO. 3 OF COLEMAN COUNTY et al. v. WESTER.

(Court of Civil Appeals of Texas. Austin. March 27, 1912. On Motion for Rehearing, April 24, 1912.)

1. COURTS (§ 122*)—JURISDICTION—AMOUNT IN CONTROVERSY — ALLEGATIONS OF COMPLAINT.

Though a complaint alleged that each of several defendants was liable in the sum of $1,000, it is not insufficient as showing that the amount involved is in excess of the jurisdiction of the county court where the ad damnum clause alleged damages of $1,000 only.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 427; Dec. Dig. § 122.*]

2. ASSOCIATIONS (§ 20*) — ACTIONS BY OR AGAINST.

An unincorporated, voluntary association organized for charitable, and not for business, purposes, can neither sue nor be sued in its capacity as an association, except where it has been found to be a joint-stock association; or where individuals are held liable either in person or as agents for debts incurred for the benefit of the association, or where the plaintiffs have shown themselves entitled to subject the general, or some particular, property of the association to their claims by virtue of an equitable lien or some species of trust.

[Ed. Note.—For other cases, see Associations, Cent. Dig. §§ 36–43; Dec. Dig. § 20.*]

3. ASSOCIATIONS (§ 20*)—ACTIONS BY OR AGAINST.

Where, though an association was unincorporated and voluntary, it was organized for the purpose of insuring its members, and not for charitable purposes, it might be sued, and a judgment rendered against it, even though it owned no property.

[Ed. Note.—For other cases, see Associations, Cent. Dig. §§ 36–43; Dec. Dig. § 20.*]

4. APPEAL AND ERROR (§ 1173*)—DISPOSITION OF CAUSE—NECESSITY FOR REVERSAL—TAXATION OF COSTS.

Where an insurance association has no property and no legal entity, and a judgment against it alone would be illegal, where it was sued on a policy with its directors against whom a valid judgment was entered, the court, on appeal by both the association and directors will not reverse as to such association, where that would have the effect of taxing the appellee with the costs, as the other appellants should be taxed therewith.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4562–4572; Dec. Dig. § 1173.*]

5. EVIDENCE (§ 271*)—DECLARATIONS—SELF-SERVING.

In an action on a policy of insurance, a declaration made by the insured as to his age long prior to the issuance of the policy was not inadmissible as self-serving.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1068–1079, 1081–1104; Dec. Dig. § 271.*]

6. INSURANCE (§ 695*) — MUTUAL BENEFIT INSURANCE—ACTION ON POLICY—RIGHT TO CHARGE DIRECTORS.

Where the directors of a voluntary insurance association, the constitution and by-laws of which provide for the payment of a sum not exceeding $1,000 upon death of members in good standing, and that, upon the death of a member, each other member thereof shall be assessed the sum of $1 to be paid into the mortuary fund and paid the beneficiary of the next member who died, wrongfully refused to pay the fund on hand at the death of a member to his beneficiary and thereafter paid it on account of the death of a member subsequently deceased, they are personally liable for the sum which the beneficiary should have received.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1836; Dec. Dig. § 695.*]

7. INSURANCE (§ 813*) — MUTUAL BENEFIT INSURANCE—ACTION ON POLICY—CAPACITY OF ASSOCIATION.

Under Acts 31st Leg. 2d Ex. Sess. c. 22, relating to fraternal beneficiary associations, and Acts 30th Leg. c. 128, which provides that any unincorporated joint-stock company or association doing business in the state may sue or be sued in any court having jurisdiction in its company or distinguishing name without the necessity of making individual stockholders parties, a voluntary unincorporated association doing business as a fraternal life insurance association may sue and be sued and a judgment was properly rendered against it in an action against it and its directors for a wrongful refusal to pay the amount of a policy to the beneficiary of a deceased member.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1994; Dec. Dig. § 813.*]

Appeal from Coleman County Court; T. J. White, Judge.

Action by F. E. Wester against the Home Benefit Association No. 3 of Coleman County, Tex., and others. From a judgment for plaintiff, defendants appeal. Affirmed.

E. M. Critz, for appellants. Woodward & Baker and Snodgrass & Dibrell, for appellee.

Findings of Fact.

JENKINS, J. The appellant herein is a voluntary unincorporated association, having 1,000 members, the purpose of which is to

secure the payment to the beneficiaries of its members a sum not to exceed $1,000 upon the death of such members in good standing. Its constitution and by-laws provide that upon the death of a member each of the members of said association shall be assessed the sum of $1, which is to be paid into the mortuary fund and held by the treasurer, to be paid to the beneficiary of the member who dies next after such assessment. The expenses are provided for by an assessment, not to exceed 15 cents upon each member. The parties to this suit made the following written agreement as to facts:

"First. That H. E. Wester had issued to him on the 8th day of October, 1910, a certificate of insurance payable to plaintiff upon the life of said H. E. Wester by the Home Benefit Association No. 3 of Coleman County, Tex., and that said certificate was issued in the manner and form as prescribed by the by-laws of said Home Benefit Association No. 3 of Coleman County, Tex. That on said day and date said H. E. Wester was admitted as a member of said defendant, the Home Benefit Association No. 3 of Coleman County, Tex., located at Santa Anna, Tex. That said H. E. Wester died on or about the 18th day of November, 1910, and that he was at the time of his death a member of said association. That he had paid all dues and assessments up to the time of his death levied against him by said association.

"Second. That the death of the said H. E. Wester was by B. E. Wester reported to the said Home Benefit Association No. 3 of Coleman County, Tex., and the directors of said association at the time verified the report of his death and ascertained that said report was true. That at the time of the death of said H. E. Wester there was on hand the sum of one thousand dollars ($1,000) in the treasury of said Home Benefit Association No. 3 of Coleman County, Tex. That said $1,000 so on hand is not now on hand with the treasurer of said association, said sum of money having been paid by said association under the order of its board of directors of the association in payment of a death claim, which death claim accrued subsequent to the death of said H. E. Wester, same having been paid to the beneficiaries of W. H. Harris, deceased.

"Third. That at the time of the death of H. E. Wester and at the time of the payment of said $1,000 to the beneficiaries of W. H. Harris, deceased, the following parties were directors and officers of said association, to wit: The board of directors of the Home Benefit Association No. 3 of Coleman County, Tex., are Leon Shield, Fred W. Turner, L. W. Hunter, and W. B. Woodward; and the president of said association is T. Richard Sealy, V. L. Grady was treasurer and E. M. Critz was secretary, and T. H. Lavender was vice president, and each of the above-named parties were also members of said Home Benefit Association No. 3 of Coleman County,

Tex., at the time of the death of said H. E. Wester and at the time of the payment of said money to the beneficiaries of the said W. H. Harris, deceased, and that said parties are still the directors and officers of said Home Benefit Association No. 3 and are still members thereof. Woodward & Baker, Snodgrass & Dibrell, Attorneys for Plaintiff. E. M. Critz, Attorney for Defendant."

Judgment was rendered in favor of appellee against the association and against the directors Shield, Turner, Hunter, and Woodward for $1,000.

## Opinion.

[1] 1. The contention of appellants that their exception to plaintiff's petition should have been sustained on the ground that the amount sued for exceeded the jurisdiction of the county court is not well taken. The petition alleged damages at $1,000, and it is immaterial that it further alleged that each of the defendants was liable for this sum. The ad damnum clause in a petition fixes the jurisdiction of the court when it depends upon the amount in controversy. McLaury v. Watelsky, 39 Tex. Civ. App. 394, 87 S. W. 1045.

2. Appellant, the said association, contends that the judgment should be reversed as to it for the reason that it was an unincorporated, fraternal organization, organized for charitable and benevolent purposes, and that as such it had no legal existence, and was incapable of suing and being sued.

[2] It may be stated as a general proposition of law that an unincorporated voluntary association, organized for charitable and not for business purposes, can neither sue nor be sued in its capacity as an association. There are three well-recognized exceptions to this rule: (1) Cases in which the association has been found to be a joint-stock association, and in which it or its members have been held liable on the theory of partnership; (2) cases in which individuals have been held liable either in person or on the principle of agency for debts incurred by them for the benefit of such associations; (3) cases in which the plaintiffs have shown themselves entitled in equity to subject the general property, or some particular property of such association to their claims by virtue of an equitable lien or some species of trust. M. E. Church South v. Clifton, 34 Tex. Civ. App. 248, 78 S. W. 735.

[3, 4] The facts of this case do not show the association to be one organized for charitable purposes. It is organized for the business of insuring its members and partakes to some extent at least of a copartnership. We hold that suit might be brought and judgment rendered against it in its capacity as an association. For the purpose of determining this question, it is immaterial whether or not it had any property. If, as contended by appellant, the association has

no legal entity and no property, a judgment against it becomes a mere academic question, because no one can be injured by such judgment. It is true that if a suit was brought against such association alone, and a judgment was rendered which was illegal, it ought to be reversed, but in this case other parties are sued, and, if the plaintiff was entitled to judgment against them, to affirm this judgment as against them, and reverse it and render it as against the association, could have no effect further than to tax appellee with the costs of this appeal. In so far as the other appellants are concerned, if the judgment against them is legal, they, having appealed, should be taxed with the costs.

3. As to appellants Shield, Turner, Hunter, and Woodward, the evidence shows that there was $1,000 in the hands of the treasurer, which under the constitution and by-laws belonged to appellee, unless her claim could be defeated on the ground of misrepresentation by H. E. Wester as to his age. This issue was submitted to the jury on a special issue, and the jury found against appellants on this contention.

[5] 4. The objection to the testimony of Dan Wester, a cousin of the insured, as to a declaration made to him by the insured as to his age in 1878, long prior to the issuance of the policy herein, upon the ground that the same was a self-serving declaration, was not well taken, and the court did not err in admitting said testimony.

5. The constitution and by-laws provide that the board of directors (composed of the parties above named) upon the report of the death of a member should verify such report, and, if found true, should procure a draft from the president and secretary, present the same to the treasurer, draw the money, and pay it over to the beneficiary. This they refused to do, but, on the contrary, took said $1,000, which was the property of the appellee herein, and paid it out to other parties. This, in our opinion, clearly rendered them responsible in this suit for said amount.

For the reasons above stated, the judgment herein is affirmed.

### On Motion for Rehearing.

[6] Appellants Shield, Turner, Hunter, and Woodward, directors of appellant association, in their motion for rehearing insist that the judgment herein against them is unjust and inequitable, inasmuch as they had no pecuniary interest in the matter, but merely acted as arbiters between the association and its members. If these directors believed that the deceased, Wester, obtained the certificate herein sued on by means of fraudulent representations as to his age, it was proper that they should refuse to draw the money from the treasury and pay the same over to his beneficiary. Had they stopped at this, the beneficiary upon obtaining judgment against the association would have gotten the money which was put in the treasury for her. But they did not stop at refusing to pay this money to the appellee. They drew it out of the treasury and appropriated it to another purpose. In so doing they rendered themselves personally liable. If the association proceeds to collect the assessment rendered due by the death of the insured, as it should have done in the beginning and as it was the duty of the directors to have done, there will be money in the treasury to pay appellee's certificate.

[7] Appellant, the association, in its motion for a rehearing says that this court should have looked to the pleadings only, and not to the facts, in determining whether or not it was suable. The plaintiff's petition alleged that the association was a voluntary, unincorporated association, doing business as a fraternal life insurance association. Such an association is suable under the statute in this state. Acts 1909, p. 443; Acts 1907, p. 240. Under the facts in evidence, justice to its directors demands that judgment should be rendered against it, as they used the money to pay another just claim against the association.