BETTIE PEAVY V. WILLIAM GOSS ET AL.

Decided October 19, 1896.

1. Constitutional Law—Subject of Act Expressed in Title—Sale of Liquor.

The language in the title to the Act of 23d Legislature, chapter 121, "to regulate the sale of * * * liquors" sufficiently expresses the subject embraced in section 9 of that act, requiring the execution of a bond by liquor dealers conditioned on conducting their business as there prescribed, to comply with the requirements of section 35, article 3, of the Constitution of the State. (Pp. 91, 92.)

2. Liquor Dealer's Bond—Party Aggrieved.

The description of the party entitled to sue for the penalty provided for violation of the conditions of the bond of a liquor dealer as "any person or persons aggrieved" (section 9, chapter 121, Acts 23d Leg., p. 177) is not void for uncertainty. A mother, the only living parent, may maintain suit on the bond given under such act for selling liquor to her minor son. (Pp. 92, 93.)

3. Same.

In a legal sense, a person is aggrieved by an act when a legal right is invaded thereby. It is the duty of a parent to look after the moral training of minor children and his legal right to keep them away from temptation. It seems however that with reference to this particular infraction of the bond no one would have a right of action except the parent or some one standing in loco parentis. (P. 93.)

CERTIFIED QUESTIONS from the Court of Civil Appeals for the First District, in an appeal from DeWitt County.

*O. L. Crouch,* for appellant.—Section No. 9, of Chapter 121, acts of the 23rd Legislature, quoted thus: "Which said bond may be sued on at the instance of any person or persons aggrieved by the violations of its provisions and such person shall be entitled to recover the sum of five hundred dollars as liquidated damages for each infraction of the conditions of such bond" is not obnoxious to, but in accord with the requirements of section 35 of article 3 of the State Constitution; as the same is calculated to carry the declared object of the "regulation of the sale" of liquors into effect, and was necessary to the enforcement of the main

object of the law.   Goldsticker v. Ford, 62 Texas, 385; Ex parte Bell, 24 Texas, Ct. App., 428; Ex parte Mabry, 5 Texas, Ct. App., 93; Davey v. Galveston, 45 Texas, 298; Tadlock v. Eccles, 20 Texas, 792; Stone v. Stumper, 1 White & W. C. C. secs. 325, 326; San Antonio v. Lane, 32 Texas, 412.

The court erred in sustaining defendant's ninth special exception to plaintiff's petition, because said section No. 9 of chapter 121 acts 23rd Legislature as to who may sue for violations of liquor dealers' bond is plain, unambiguous and certain.   Aldridge v. Mardoff, 32 Texas, 207; Higgins v. Rinker, 47 Texas, 401; State v. Eggerman, 81 Texas, 571.

Plaintiff shows herself to be a widow and mother of the alleged minor, and aggrieved by the violation of defendant's bond.   McGuire v. Glass, 4 Willson's C. C. sec. 51;  State v. Vinson, 5 Texas Civ. App.. 316.

*Proctors* and *Rud. Kleberg*, for appellees.—Section number nine, chapter one hundred and twenty-one, Acts of the 23rd Legislature, quoted thus: "Which said bond may be sued on at the instance of any person or persons aggrieved by the violation of its provisions and such person shall be entitled to recover the sum of five hundred dollars as liquidated damages for each infraction of the conditions of such bond," is obnoxious to and violative of section thirty-five of article three of the Constitution of the State of Texas, in that said portion of said section is not appropriately connected with, nor is same subsidiary to, the subject of said act as expressed in the title of said act, but is matter foreign and distinct and even inconsistent with the end or purpose of said act as expressed in said title. Constitution 1876, art. 3, sec. 35; acts, 23rd Leg., p. 177; Cannon v. Hemphill, 7 Texas, 208; Giddings v. San Antonio, 47 Texas, 553; Gunter v. Texas Land and Cattle Co., 82 Texas, 496; Adams v. Water Co., 86 Texas, 485; Cooley on Const. Lim. 172.

The court did not err in sustaining defendant's ninth special exception because said section 9 of said act is void for uncertainty, in that it does not sufficiently designate the persons authorized to institute said proceedings to recover said alleged liquidated damages.

The court did not err in sustaining defendant's tenth special exception because plaintiff shows no such interest as entitles her to maintain this suit and plaintiff has no property right in the chose of action asserted in this cause.

GAINES, CHIEF JUSTICE.—In this case the Court of Civil Appeals for the First Supreme Judicial District have certified for our determination the following questions:

"Suit by appellant on bond of vendor of malt liquors, to recover of appellees $500 liquidated damages, for alleged breach of one of the provisions of the 9th section of the act of the 23rd Legislature (Chap. 121, page 177) entitled 'An Act to regulate the sale of vinous or malt liquors or medicated bitters; to fix a tax upon all persons, or associations.

of persons selling such liquors; to define the time and manner of collecting such tax; to fix penalties for the violation of this act, and to repeal all laws and parts of laws in conflict with the provisions of this act.'

"The alleged infraction of the bond consisted in selling, and the permitting to be sold, and in the giving and permitting to be given malt liquors by the appellee, Goss, the vendor of such liquors, to the minor son of appellant; and by permitting said minor son to enter and remain in the house in which said liquors were sold. The petition averred the plaintiff to be the mother of the minor to whom the liquors were charged to have been sold and given; and that she was a widow, and that by such unlawful acts of the defendant, Goss, the said minor was being debauched and degraded; and that thereby the plaintiff was aggrieved.

"This court respectfully submits the following questions to the Supreme Court:

"1st: Can the suit be maintained by the mother of the minor, she being his only living parent; or is the 9th section of the act void for uncertainty, in simply declaring that any one aggrieved may sue for such breach of the bond as that declared on in this petition?

"2nd: If said section be not void, is or is not the act in conformity to the requirements of the 35th section of the 3rd article of the Constitution of the State?"

The title of the act referred to in the certificate is as follows:   "An act to regulate the sale of spirituous, vinous, or malt liquors, or medicated bitters; to fix a tax upon all persons or associations of persons selling such liquors; to define the time and manner of collecting such tax; to fix penalties for the violation of this act, and to repeal all laws and parts of laws in conflict with the provisions of this act."

The act itself provides for an annual tax upon each establishment for the sale of intoxicating liquors and regulates such sale in many particulars.   Among other things, it prescribes that every person or firm desiring to enter into that business shall make a bond payable to the State and to be approved by the county judge, "conditioned that said person, or firm, or association of persons so selling spirituous, vinous, or malt liquors, or medicated bitters capable of producing intoxication, in any quantity, to be drunk on the premises, shall keep an open, quiet, and orderly house or place for the sale of spirituous, vinous, or malt liquors, or medicated bitters capable of producing intoxication; and that such person, firm, or association of persons, or his or their agent or employe, will not sell nor permit to be sold in his or their house or place of business, nor give nor permit to be given, any spirituous, vinous, or malt liquors, or medicated bitters capable of producing intoxication, to any person under the age of twenty-one years, or to a student of any institution of learning, or to any habitual drunkard, or to any person after having been notified.in writing, through the sheriff or other peace officer, by the wife, mother, daughter, or sister of the person, not to sell to such person; and that he or they will not permit any person under the age of twenty-one years to enter and remain

in such house or place of business; and that he or they will not permit any games prohibited by the laws of this State to be played, dealt, or exhibited in or about such house or place of business; and that he or they will not rent or let any part of the house or place in which he or they have undertaken to sell spirituous, vinous, or malt liquors, or medicated bitters capable of producing intoxication, in any quantity, to be drunk on the premises, to any person or persons for the purpose of running or conducting any game or games prohibited by the laws of this State; and that he or they will not adulterate the liquors sold by them in any manner, by mixing with the same any drug; and that he or they will not knowingly sell or give away any impure or adulterated liquors of any kind;" and also provides, that "said bond may be sued on at the instance of any person or persons aggrieved by the violation of its provisions, and such person shall be entitled to recover the sum of five hundred dollars as liquidated damages for each infraction of the condition of such bond, and the said bond shall not be void on the first recovery, but may be sued on until the full penal sum named therein shall have been recovered."

Section 35 of article 3 of the Constitution is as follows: "No bill (except general appropriation bills, which may embrace the various subjects and accounts for and on account of which moneys are appropriated) shall contain more than one subject, which shall be expressed in its title. But if any subject shall be embraced in an act which shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be so expressed."

1. Taking the questions in their inverse order, we are of opinion that the second should be answered in the affirmative. The subject matter of the act is the regulation of the sale of intoxicating liquors. The bond that is required to be given and the remedies upon it which are provided for are matters regulating the traffic, are germain to the subject of the act and come strictly within the purview of the title. The statute has but one subject, that of the regulation of the sale of liquors which produce intoxication. One object of the tax provided for was to produce revenue, but another, doubtless, was to diminish the number of places where such liquors could be sold, and thus to regulate the business.

2. We also think that if the condition of the bond was broken as alleged, the mother had the right to maintain the suit. It seems to us that that provision in the statute which gives a right of action to any person aggrieved, by a breach of the bond, is penal in its character, and that in order to make such a law enforceable the Legislature should express its intention with reasonable certainty. But we are of the opinion that as to the sale to a minor or the permitting a minor to enter or remain upon the premises where the liquor is sold, the intention of the Legislature is reasonably clear.

The words, "any person aggrieved," are of not infrequent use in statutes. Article 2789 of our Revised Statutes gives a right of appeal to "any person who may consider himself aggrieved by any decision, etc.," of the

County Court in matters relating to a guardianship. Similar statutes are found in other States; and the words in question have usually been construed to mean, any person having an interest recognized by law in the subject matter of the judgment, which he considers injuriously affected by the action of the court. Green v. Blackwell, 32 N. J. Eq., 768; Schwackhamier v. Kline, 25 N. J. Eq., 503; Adams v. Wood, 8 Cal., 306; Labar v. Nichols, 23 Mich., 310; Betts v. Shotton, 27 Wis., 607. In a legal sense, a person is aggrieved by an act when a legal right is invaded by the act complained of. It is the duty of the parent to look after the moral training of his minor children, and it is his legal right to keep them away from temptation. This legal right of the parent is infringed when one, in violation of law, sells intoxicating liquor to his minor child, or permits such child to enter or remain upon the premises, where such liquor is retailed. In this case the father being dead, the mother had the right to sue upon the bond. It seems to us, however, that with reference to the particular infraction complained of in this case, that no one has a right of action except the parent or some one standing in loco parentis.