## P. O. COX ET AL. v. W. B. THOMPSON.

### No. 1200. Decided April 27, 1903.

**1.—Liquor Dealer—Minors on Premises—Good Faith.**

It is no defense to an action on a liquor dealer's bond for permitting a minor to enter and remain on his premises, that the dealer acted in good faith, believing that the minor was of age. The exemption extended to cases of sales to minors and habitual drunkards where the dealer was ignorant of the fact, by the amendments of 1893 and 1901, do not extend to cases of permitting minors on the premises. (Pp. 470, 471.)

**2.—Same—Emancipation of Minor.**

The fact that the father had "emancipated" his minor son and relinquished his control over him, did not constitute a defense to an action by such father, upon a liquor dealer's bond, for permitting the son to enter and remain on the premises where liquor was sold. (P. 471.)

Questions certified from the Court of Civil Appeals for the Third District, in an appeal from Hamilton County.

*Dewey Langford,* for appellants.—If the plaintiff, who is the father of the alleged minor, has emancipated the minor, who is his son, he can not maintain the statutory claim for his said son's entering and remaining in a saloon and purchasing intoxicants. State v. Jordan, 23 Texas Civ. App., 136; Furrh v. McKnight, 6 Texas Civ. App., 583.

In a suit on a liquor dealer's bond the defendants should be permitted to show, on the issue of good faith, the acts and dealings of the alleged minor with the public, regardless of whether said acts and dealings were known to the defendants, their agents or employes, who made the sale, or permitted the minor to enter and remain in the saloon, prior to the date of such sale or the date of such entering and remaining.

In a suit for alleged violations of the provision of a liquor dealer's bond, when the undisputed proof shows that the entering and remaining

of the alleged minor in the saloon was in each instance coupled with a sale of intoxicants, which was also complained of, it is error for the trial court to fail to charge the jury that the statutory defense of good faith, in the belief that the alleged minor is of full age, will defeat a recovery for the entering and remaining.

In a suit on a liquor dealer's bond, where the proof shows that the entering and remaining and sale of intoxicants were a single transaction, the plea of good faith to the entering and remaining should be allowed.

*Main & Chesley,* for appellee.—The court did not err in giving the charge set out in appellants' seventh assignment of error, because the condition in appellants' bond for selling and giving and permitting to be sold and given intoxicating liquors, etc., is a separate and distinct condition from that of permitting a minor to enter and remain in one's place of business, and therefore two infractions of the bond may be had · in one and the same transaction, and because in this case the verdict of the jury and the judgment of the court did not mulct appellants in damages for the alleged sale to the minor alleged. Sayles' Rev. Stats., 1897, arts. 5060g, 3380; Qualls v. Sayles, 18 Texas Civ. App., 400; Maier v. State, 2 Texas Civ. App., 296; 2 Willson, C. C., sec. 265; McGuire v. Glass, 15 S. W. Rep., 127; O'Flinn v. State, 5 S. W. Rep., 390.

The courts can not ingraft an exception upon the statute, nor can they by construction change the plain conditions of the contract entered into by appellants, which is sued on herein.

WILLIAMS, Associate Justice.—The nature of the case and the questions presented are stated in the following certificate:

"The Court of Civil Appeals of the Third Supreme Judicial District, desiring to certify the hereinafter stated question to the Supreme Court of the State of Texas, makes known to that court that the above styled and numbered cause is now pending in the Court of Civil Appeals, and is a suit brought by appellee Thompson against Cox and the sureties on his liquor dealer's bond, to recover $3000 for six alleged infractions of the conditions of the bond. Three infractions were for selling intoxicating liquors to a minor, and three for permitting the minor to enter and remain in the saloon of P. O. Cox in the town of Hico, Hamilton County, Texas.

"The case was tried before a jury, and resulted in a verdict and judgment in favor of plaintiff, the father of the minor, for three infractions of the bond, in permitting the minor to enter and remain in the saloon. The total amount recovered was $1500.

"Appellants' eighth assignment of error, which complains of a charge of the trial court, we think is well taken, and have concluded that for the error in giving the charge pointed out, the judgment below will have to be reversed and the case remanded.

"Appellants, as a part of their answer, pleaded as follows: 'And for further answer herein defendants say and allege that if, on the date

alleged, defendant P. O. Cox, or any of his agents or employes, permitted William W. Thompson, he being a minor, to enter and remain in the saloon of P. O. Cox, and sold or permitted to be sold to said William W. Thompson, intoxicating liquors, which is not admitted but denied, that on said day and date, and for a long time prior thereto, the father of the said William W. Thompson, who is plaintiff herein, had emancipated the said William W. Thompson, permitting and agreeing that said William W. Thompson should act for himself, and relinquishing all control over the said William W. Thompson; and this the defendants are ready to verify.'

"The trial court sustained a demurrer to that part of the answer above quoted. There is a bill of exceptions in the record which shows that the appellant offered to prove substantially the facts alleged in the answer, as above stated, which testimony, on objection, was not admitted.

"The court, in instructing the jury, submitted to them the question whether or not the sale made to the minor by the liquor dealer was in good faith; and the effect of the verdict of the jury is to find for the appellants on this issue. This issue was pleaded by the appellants, and also the fact that they acted in good faith in permitting the minor to enter and remain in the saloon. To this part of the answer a demurrer was sustained; and there is evidence to the effect that the minor, the son of appellee, did enter and remain in the saloon without the appellee's consent, and upon this issue the verdict of the jury is justified by the evidence.

"In view of the above statement, the Court of Civil Appeals of the Third Supreme Judicial District of Texas, certifies to the Supreme Court of Texas the following questions:

"1. As under the Act of April 27, 1901 (page 314 of the Session Laws of the 27th Leg.), a sale made to a minor in good faith, under a well-grounded belief that he is of age, will excuse the liquor dealer, can a well-grounded belief, in good faith entertained, that the minor is an adult be interposed as a defense to permitting the minor to enter and remain in the saloon?

"2. Did the court err in sustaining a demurrer to that part of appellants' pleading which set up the emancipation of the minor, William Thompson, by his father, the appellee? Or, to put it more pointedly, is emancipation of the minor by a parent a defense to the parent's action on a liquor dealer's bond for permitting the minor to enter and remain in a saloon?"

The Act of 1901, upon which the action is based, required of a liquor dealer a bond conditioned that he would not, among other things, sell liquor to "any person under the age of twenty-one years, or to a student of any institution of learning, or to any habitual drunkard," etc.; and that he would not "permit any person under the age of twenty-one years to enter and remain in such house or place of business." Prior to 1893 ignorance on the part of the liquor dealer that a person to whom he was making a sale was one of a class to whom his bond obligated him not to

sell was no defense to an action on the bond. Peacock v. Limburger, 95 Texas, 258, and authorities cited. The Legislature, in that year, introduced a proviso, "that where the sale is made in good faith, with the belief that the minor was of age and there is good ground for such belief, that shall be a valid defense." In 1901 a further proviso was inserted, "that where the sale to an habitual drunkard is made in good faith, with the belief that he was not an habitual drunkard, and there is good ground for such belief, that shall be a valid defense." The questions stated are to be determined under the law thus standing.

1. The first question is answered in the negative. The only changes made by the acts of 1893 and 1901 in the pre-existing rule is defined in the provisos quoted, and they apply only to sales. The courts can not so extend them as to make them apply to other conditions of the bond. If, within the meaning of the statute, a minor was permitted to enter and remain in the house or place, the good faith of the owner would not prevent this from being a breach of the bond. The case was argued before this court as if there had been no entering and remaining except such as was connected with and necessary to the three sales. Whether or not such a state of facts would constitute breaches of the condition against permitting the minor to enter and remain or should be treated merely as sales, defensible if made under the conditions specified in the proviso, is a question not raised by the certificate, which does not show the existence of the facts assumed by the argument. The case is submitted to us upon the assumption that there were distinct breaches of the bond in permitting the minor to enter and remain, unless the proviso of the statute is to be extended to such cases.

2. The so called emancipation of the minor by his father did not take the former out of the language of the statute nor out of its spirit and purpose. He was a "person under the age of twenty-one years," and within the conditions of the bond. The court did not err in sustaining the demurrer to the part of the answer asserting the action of the father as a defense.