### J. H. CHOATE v. GEO. VLHA ET AL.

Decided November 15, 1905.

#### Sale of Liquor to Minor—Person Aggrieved—Loco Parentis.

The uncle of an orphan minor without legal guardian, with whom such minor is living as one of his family, and who has assumed the custody, control and moral training of his nephew has no such legal status of one standing in loco parentis as to give him the right to sue upon a liquor dealer's bond to recover the statutory penalties for selling intoxicating liquor to a minor.

Error from the County Court of Falls County. Tried below before Hon. W. E. Hunnicutt.

*Z. I. Harlan,* for plaintiff in error.—A person standing in loco parentis to a minor is an "aggrieved person within the meaning of the law requiring bond of retail liquor dealers, and can maintain suit for the recovery of the statutory liquidated damages given by law for a breach thereof in selling liquors to or permitting such minor to enter and remain in his place of business. Peavy v. Goss, 90 Texas, 91-93; Tipton v. Thompson, 21 Texas Civ. App., 143; Daniels v. Grayson College, 20 Texas Civ. App., 562; Cunningham v. Porchet, 56 S. W.; 574, 23 Texas Civ. App., 83; Qualls v. Sayles, 18 Texas Civ. App., 401.

The petition stated sufficient facts to show that plaintiff stood in the relation of loco parentis to Will Hennings, the minor, and that plaintiff had assumed towards said minor the relation of a parent, and it was error to sustain said exception. Snowden v. State, 12 Texas App., 106.

*Rice & Bartlett,* for defendant in error.—The court did not err in sustaining defendant's general demurrer and special exceptions to plaintiff's petition. Peavy v. Goss, 90 Texas, 91; Ft. Worth St. Ry. Co. v. Witten, 74 Texas, 204; 19 Amer. & Eng. En. Law (2d ed.), 518; Black, Intoxicating Liquors, sec. 285.

KEY, ASSOCIATE JUSTICE.—This is an action on a liquor dealer's bond, seeking to recover liquidated damages prescribed by statute. The breaches alleged in the petition were a sale of intoxicating liquors to one Will Hennings, a minor, and permitting him to enter and remain in the defendant's saloon.

The court below sustained a general demurrer and two special exceptions to the petition, and the plaintiff, declining to amend, has appealed to this court and assigns the ruling referred to as error.

The statute requiring bonds of this character authorizes suit to be brought for a breach of such a bond by the person aggrieved, without defining who will fall within that class. In Peavy v. Goss, 90 Texas, 89, it was held that a suit of this kind could be maintained by the mother of a minor whose father was dead, and the court said: "It seems to us, however, that with reference to the particular infraction complained of in this case, that no one has a right of action except the parent or someone standing in *loco parentis.*" The plaintiff in this case is not the father of the alleged minor, but contends that his petition shows that he stands in *loco parentis,* and is therefore the aggrieved party. On that subject, the averments of the petition are as follows:

"That on September 19, 1903, Will Hennings was and he now is under the age of twenty-one years, to wit, about eighteen years of age; that on said date both the parents of said Will Hennings were dead, his mother, his last surviving parent, having departed this life about four years prior to said date, and that said Will Hennings then had now has no legal guardian of his person or estate; that on the death of his said mother, the said Will Hennings, upon plaintiff's invitation, came to live with plaintiff, who was and is his uncle, as one of plaintiff's family, during all of which said time plaintiff has had and still has the custody, control and moral training of his said nephew, the said Will Hennings, and said Will Hennings on said September 19, 1903,

was and he now is living with plaintiff, and is under plaintiff's care, control and moral training, and plaintiff then and now stands in loco parentis to said Will Hennings, and is the aggrieved party, by and on account of the matters hereinafter complained of against defendants."

In addition to their general demurrer, the defendants specially excepted to the petition, the exceptions which were sustained reading as follows:

"2. And specially excepting to said petition, defendants say that the same is insufficient, because it does not appear therefrom that the plaintiff belongs to the class of persons authorized to bring this suit; nor does it appear from the allegations of said petition that the plaintiff is an aggrieved party within the meaning of the statute and entitled to bring this suit.

"3. And further specially excepting to the same, defendants say it is insufficient in this, that it does not appear that he is the guardian, adopted father or master of the said Will Hennings, and the allegations of said petition fail to state such facts as to show that plaintiff stood in the position of loco parentis to the said Will Hennings, and it is not alleged that said plaintiff had assumed towards said Will Hennings such relation as would impose upon him the duties, obligations and rights of a parent, without which such a relation the right to bring this suit could and would not exist."

The statute under consideration is penal in its nature, and therefore, should be strictly construed. At any rate, it should not be so liberally construed as to award damages in doubtful cases. In the case of Peavy v. Goss, supra, the Supreme Court, in assigning reasons for the conclusion reached, among other things, said: "In a legal sense a person is aggrieved by an act when a legal right is invaded by the act complained of. It is the duty of the parent to look after the moral training of his minor children, and it is his legal right to keep them away from temptation. This legal right of the parent is infringed when one in violation of law, sells intoxicating liquor to his minor child, or permits such child to enter or remain upon the premises where such liquor is retailed."

The averments of the petition under consideration fail to show that the plaintiff had the legal rights referred to by the Supreme Court as belonging to every father and mother. A father has the legal right to prohibit and compel his minor child not to purchase intoxicating liquors, or enter places where they are sold; but plaintiff's petition fails to show that he had any such right with reference to the minor referred to in this case. The petition does not allege that the plaintiff has adopted the minor, or that he has in any wise obligated himself for the minor's support, maintenance or education. In fact, for aught that appears in the petition, all that the plaintiff has done for the minor may have been done for an adequate consideration, furnished by the minor or someone else. Or the custody, control and moral training of the minor which he alleges he has had for four years, may have been voluntary on his part, and does not necessarily confer upon him the legal right to control the actions of the minor. The minor being the plaintiff's nephew, it may be that he has treated him with much kindness and taken a fatherly interest in his welfare; but, in order to bring himself within the

class of persons entitled to recover in cases of this kind, we think his petition should have gone further and shown, either that he had adopted his nephew, or had been appointed guardian of his person, or by contract or otherwise, had the legal right to control his actions.

Hence we hold that the trial court ruled correctly in sustaining the special exceptions, and this leads to an affirmance of the judgment.

*Affirmed.*