### JOHN PRICE ET AL. v. M. J. WAKEHAM.

Decided January 4, 1908.

**1.—Liquor Dealers—Statute Construed.**

The Act of the 30th Legislature, known as the Baskin-McGregor law, (Gen. Laws, 1907, p. 258) did not repeal the law theretofore existing, allowing suit upon a liquor dealers' bond for violation thereof.

**2.—Plea in Abatement—Certainty.**

In a suit by a divorced husband upon a liquor dealer's bond for selling intoxicating liquor to plaintiff's minor child, a plea in abatement on the ground that the wife should be a party to the suit, which plea failed to show what disposition was made of the custody of the minor child in the decree of divorce between plaintiff and his wife; that the decree of divorce was a final decree; and that the wife was living at the time of filing the plea, was insufficient and properly overruled.

**3.—Liquor Dealer—Description of Locality.**

In a suit upon a liquor dealer's bond, a description of the locality of his place of business giving the State, city, street and number, is sufficient.

**4.—Same—Pleading.**

Where, in a suit upon a liquor dealer's bond for sale of liquor to a minor, the defendant alleged that the sale was made in good faith upon a well grounded belief that the minor was of age, it was not reversible error for the court to overrule an exception to that part of plaintiff's petition alleging, in substance, that the minor was small of stature and youthful in appearance.

**5.—Same—Emancipation of Minor.**

The fact that the father had abandoned his minor son and had lost all supervision and control over him prior to bringing a suit against a liquor dealer for sale of liquor to said minor, constitutes no defense to the suit.

**6.—Same—Character of Plaintiff no Defense.**

The bad character of the father, plaintiff in a suit upon a liquor dealer's bond, is no defense to the suit.

**7.—Witness—Impeachment—Moral Character Irrelevant.**

A witness cannot be impeached by proof of general bad moral character.

**8.—Charge—Failure to Submit Issue.**

Where, in a suit for breach of a liquor dealer's bond by sale of liquor to. a minor, the defendant plead that the plaintiff consented to such sale, and there was testimony tending to support the allegation, it was error for the court to refuse to affirmatively submit this issue to the jury.

Appeal from the 44th District Court, Dallas County. Tried below before Hon. Richard Morgan.

*T. L. Camp* and *Barry Miller,* for appellants.—Particular traits of moral character, aside from that of lack of truth and veracity, shall not be made the subject of inquiry for the purpose of impeaching a witness when evidence of such traits is not material to the issue. A witness can be impeached by general evidence only and not by evidence as to particular facts. Boon v. Weathered's Admr., 23 Texas, 675; Tipton v. Thompson, 21 Texas Civ. App., 144; Pennsylvania Fire Ins. Co. v. Faires, 13 Texas Civ. App., 113; 30 Am. & Eng. Ency. of Law, second edition, pp. 1082-3.

While it has been held by the majority of the opinions rendered in liquor bond suits that "aggrieved party" as used in the statute refers to the class of persons who may be entitled to sue for breaches of the liquor dealer's bond, yet we submit that a person's acts and conduct may estop him from claiming the benefit of a suit as an aggrieved. party, and such acts and conduct of the plaintiff may go to the jury as circumstances showing that he had acquiesced or consented to the doing of the acts complained of. Seiffer v. McLean, 7 Texas Civ. App., 159; Edgett v. Finn, 36 S. W. Rep., 830; Wakeham v. Price, 89 S. W. Rep., 1093. Opinion on former appeal of this case.

The Baskin-McGregor law passed by the Thirtieth Legislature plainly shows that it was intended to and does comprehend the entire subject matter relating to the sale at retail of spirituous, vinous and malt liquors, and was intended by the Legislature to be a substitute for all prior statutes on that subject, and therefore operates a repeal of all such prior laws. Bryan v. Sundberg, 5 Texas, 423; Stirman v. State, 21 Texas, 733; State v. Horan, 11 Texas, 144; Harold v. State, 16 Texas Crim. Apps., 157; Stebbins v. State, 22 Texas ·Crim. Apps., 32; Holden v. State, 1 Texas Crim. Apps., 242; Rogers v. Watrous, 8 Texas, 62; State of Texas v. Travis Co., 85 Texas, 445; Hanrick v. Hanrick, 61 Texas, 601; 26 Am. & Eng. Ency. of Law, p. 731 and authorities cited; 88 Am.. St. Rep., pp. 278-9, notes, where the question is extensively treated.

Where a new statute covers the whole subject matter of earlier laws, adds offenses and prescribes penalties different from those enumerated in the old law, it indicates an intention to substitute the new law for the old, and is by necessary implication a repeal

of the former statutes, even though its provisions be not all repugnant. See authorities, supra, and Noris v. Crocker, 12 Howard (U. S.), 429; United States v. Tynen, 11 Wallace, 88; 26 Am. & Eng. Ency. of Law, p. 737.

The recovery of a penalty on a liquor dealer's bond for selling to a minor, or permitting a minor to enter and remain, when both of the parents are living, is community property. Wartelsky v. McGee, 30 S. W. Rep., 69; Ezell v. Dodson, 60 Texas, 331; Texas & Pac. Ry. Co. v. Bailey, 83 Texas, 19.

*R. C. Porter, Lewis Wood* and *A. H. Graham,* for appellee.—The plea in abatement was insufficient in law to show that Agatha Wakeham was a necessary party plaintiff, and the demurrer thereto was properly sustained. 2 Batts Civ. Stats., art. 2987; 1 Batts Civ. Stats., art. 5; 1 Batts Civ. Stats., art. 1265; Davis v. Willis, 47 Texas, 162; Galveston, H. & S. A. Ry. v. Le Gierse, 51 Texas, 200; Baily v. Trammell, 27 Texas, 326; Tinnin v. Weatherford, Dallam, 590; State v. Goodnight, 70 Texas, 682-688; Kohn v. Washer, 69 Texas, 67; Drew v. Harrison, 12 Texas, 281; Lee v. Hamilton, 12 Texas, 417; Breen v. Texas & Pac. Ry. Co., 44 Texas, 304; Houston & T. C. R. R. v. Graves, 50 Texas, 201; Peavy v. Goss, 90 Texas, 89; Zapp v. Strohmeyer, 75 Texas, 638.

The effect of a decree divorcing the parents of a minor does not necessarily extinguish the legal right of the father to maintain a suit on the bond of a liquor dealer to recover penalties arising from violations of the statute by which such father, as parent of such minor, is aggrieved. 2 Batts' Civ. Stats., arts. 3380, 5060c; Cunningham v. Porchet, 23 Texas Civ. App., 83.

The latitude allowed in the cross-examination of a witness is not limited to the rules applicable to impeachment by other witnesses. Ingersoll v. McWillie, 9 Texas Civ. App., 555; Ingersoll v. McWillie, 87 Texas, 647; Texas Standard Cotton Oil Co. v. Hanlan, 15 S. W. Rep., 703; Carroll v. State, 24 S. W. Rep., 101; Texas & P. Coal Co. v. Dawson, 31 S. W. Rep., 843.

In a suit on a liquor dealer's license for permitting a minor to enter and remain in a saloon, and for selling liquors to minor, it is not necessary to prove that the father of the minor, plaintiff in the case, was aggrieved. Peavy v. Goss, 90 Texas, 89; Qualls v. Sayles, 18 Texas Civ. App., 401; Cunningham v. Porchet, 23 Texas Civ. App., 83; Tipton v. Thompson, 21 Texas Civ. App., 144; Tarkington v. Brunett, 51 S. W. Rep., 274; White v. Manning, 102 S. W. Rep., 1160.

BOOKHOUT, ASSOCIATE JUSTICE.—This suit was brought by M. J. Wakeham, the father of Robert Wakeham, a minor, on the 15th day of October, 1903, against John Price, a retail liquor dealer at Dallas, Texas, as principal, and the American Bonding Company of Baltimore as surety on his bond, to recover $3,000 for six breaches of said liquor dealer's bond, alleging that said John Price sold and permitted to be sold, and gave, and permitted to be given, to said minor, Robert Wakeham, in his (said Price's) house and

place of business at 110 Jefferson Street, Dallas, Texas, spirituous, vinous and malt liquors on two several dates, to wit, on or about the 8th day of August, and the 5th day of September, both in the year 1903, there being two separate and distinct sales on each of said dates; and further alleging that said Price, at the same times and place on said two occasions, permitted said minor to enter and remain in his house and place of business.

Defendants answered by a plea in abatement, alleging that Agatha Wakeham, the wife of plaintiff, and mother of said minor, Robert Wakeham, had, on June 6, 1902, been granted a divorce from plaintiff, M. J. Wakeham, and that said Agatha Wakeham was a necessary party to the suit. Defendants also answered by general and special exceptions, general denial and by plea that if said liquors were sold to said minor, or he was permitted to remain in said saloon, it was because defendant Price believed that said Robert Wakeham was over the age of 21 years, and that there were reasons for such belief, and that the suit was the result of a conspiracy between the father and son to have said minor to enter and remain in, and drink in defendant's and other saloons, for the purpose of laying a predicate for this and other similar suits. The defendant, *American Bonding Company*, pleaded *its* suretyship.

Plaintiff filed a supplemental petition in response to the plea in abatement filed by defendants, containing (1) a general demurrer to said plea, and (2) a general denial of the averments therein contained. Plaintiff, on the same date, also filed a supplemental petition containing a general demurrer to said answer, special exceptions thereto, and a general denial.

A trial resulted in a verdict and judgment for plaintiff for $1500 and defendants appeal.

It is contended by appellants that this suit should abate for the reason that the law under which this suit is filed and is being prosecuted, was repealed by the law known as the Baskin-McGregor Law, passed by the Thirtieth Legislature. It is insisted that said Act plainly shows that it was intended to and does comprehend the entire subject matter relating to the sale at retail of spirituous, vinous and malt liquors, and was intended by the Legislature to be a substitute for all prior statutes on that subject, and therefore operates a repeal of all such prior laws. We have heretofore held in the case of Coughtry v. Haupt, 47 Texas Civ. App., 452, that the Act of the Thirtieth Legislature known as the Baskin-McGregor Law did not repeal the law under which this suit was filed. See also Jesse v. DeShong, 20 Texas Ct. Rep., 22.

The trial court did not err, as contended by appellants in their first assignment of error, in sustaining appellee's general demurrer to their plea in abatement. Said plea was as follows: "That prior to June 6, 1902, the plaintiff and Agatha Wakeham were husband and wife; that the minor mentioned in plaintiff's petition, Robert Wakeham, is the son of M. J. Wakeham and Agatha Wakeham, duly born in wedlock; that prior to the 6th day of June, 1902, M. J. Wakeham filed suit for divorce against Agatha Wakeham, to which she replied by answer and cross-bill in which she prays for

divorce from plaintiff; that upon the trial of that cause in this court on June 6, 1902, Agatha Wakeham was granted a divorce from M. J. Wakeham on her cross-bill. If a recovery should be had in this case, Agatha Wakeham would have an interest therein, wherefore, defendants say that she is a necessary party plaintiff."

The plea in abatement should aver fully, not only what is necessary to be answered, but anticipate and exclude all such supposable matter as would, if alleged on the opposite side, defeat the plea, Houston & T. C. Ry. v. Graves, 50 Texas, 181. It is held that a recovery on a liquor dealer's bond for selling liquor to a minor, or permitting the minor to enter and remain in his saloon or place of business when both parents are living together is community property and the suit should be brought by the husband. Wartelsky v. McGee, 30 S. W. Rep., 69. If the parents of such minor are divorced at the time the cause of action arises and the decree of divorce awards the custody of the minor to the father, then we are of the opinion that the suit could be maintained in the father's name; but if the decree of divorce does not award the custody of the minor to either parent, then it would seem that both parents would be necessary parties to the suit. The plea does not show what disposition, if any, was made as to the custody of the minor in the divorce decree. The plea does not allege that the judgment "of this court on June 6, 1902," granting the divorce, was a final judgment or that it has not been set aside or appealed from, or reversed. The plea in abatement was filed on June 23, 1904, and alleges that the divorce was granted to Agatha Wakeham on June 6, 1902. It does not allege that Agatha Wakeham was living at the time of filing the plea. In these respects we are of the opinion the plea was insufficient and that there was no error in sustaining plaintiff's exception to it. Davis v. Willis, 47 Texas, 162 and 163; Galveston, H. & S. A. Ry. v. LeGierse, 51 Texas, 200; Baily v. Trammell, 27 Texas, 326; State v. Goodnight, 70 Texas, 682-688; Houston & T. C. R. R. v. Graves, 50 Texas, 201; Peavy v. Goss, 90 Texas, 89.

The petition sufficiently described the place of business of John Price as 110 Jefferson Street in the city of Dallas, Texas, and hence the appellants' third special exception to the petition challenging the sufficiency of the petition in this respect, was properly overruled.

Plaintiff in his petition used the following language: "Plaintiff further shows to the court that his said minor son is small of stature, presents none of the appearances of a man, and is obviously a minor and shows himself to be, to any and all persons with whom he might apply for entrance or for liquors, and defendant well knew that said plaintiff's son is and was a minor at least under 21 years of age." The defendants specially excepted to above part of plaintiff's petition on the ground that the allegations were irrelevant and immaterial. The exception was overruled, to which action defendants excepted, and the ruling assigned as error. We are of the opinion that the court's action in overruling the demurrer to said pleading presents no reversible error. The defendant Price in an amended answer set up that if any sales were made to the minor they were

made in good faith under a well grounded belief that he was of age. Cox v. Thompson, 96 Texas, 468; Peacock v. Limberger, 66 S. W. Rep., 764.

Defendants plead specially that the plaintiff had abandoned the alleged minor, Robert Wakeham, six or seven years prior to the bringing of this suit, and that the said Robert Wakeham had been living with his mother or grandparents; that plaintiff had lost all supervision and control over said minor and by his acts and conduct had estopped himself and did not come under the class of persons as mentioned in the statute as being aggrieved parties. ⸱ Plaintiff demurred to these allegations and the court sustained the same. In this ruling the court did not err. The emancipation of the minor by the father constituted no defense to the suit. Cox v. Thompson, *supra.*

The defendants alleged that "the plaintiff has been an idle and shiftless person for six or seven years prior to the bringing of this suit; that he had no regular or steady employment and during said time has been a constant and steady visitor and loafer around saloons and places where intoxicating liquors are sold, and has, during all of said period, been more or less of a constant and steady drinker of intoxicating liquors, and upon various and sundry times during said period has been intoxicated and drunk from the use of intoxicating liquors, and by his conduct and example he has encouraged, stimulated, permitted and acquiesced in his son, Robert, entering and remaining in saloons and drinking intoxicating liquors, wherefore, he is ⸱ estopped from maintaining this suit." The court sustained the plaintiff's special demurrer to ⸱ these allegations. There was no error in this ruling. The bad character of the plaintiff was no defense to the suit. Tipton v. Thompson, 21 Texas Civ. App., 144. In addition to the matter stricken out, the answer set up in substance, that the plaintiff had entered the saloon of defendant Price and other saloons with his son Robert, and drank with him, · and remained there with him, and acquiesced in the sale of liquor to him, said Robert. Thus, it appears the defendant was not deprived of any legal defense by the court in sustaining the special exception of plaintiff.

Walter Dyer, a witness for the defendants, testified in chief that he was a carpenter and acquainted with plaintiff and his minor son; that he had seen plaintiff in John Price's saloon a few times; that he had seen plaintiff's minor son in Price's saloon; that he saw him try to buy a drink in there from Bob Morris, but that Bob Morris would not sell it to him, because he was drunk. The witness was then asked on cross-examination by appellee, and was compelled to testify over appellants' objections, that he was unmarried; had been a carpenter most of his life; had followed another occupation; had owned and run a beer joint in South End, in Dallas, for about a month, in 1903 or 1904. In the house there were rooms where prostitutes stayed; that he generally had from two to four of these women there; that they all boarded at his place; that he did not keep a whore and board at Holly's place; that she never ate a meal at Holly's saloon; that they boarded at his saloon. The objections

were that the testimony was irrelevant and immaterial and not admissible as impeaching evidence and that it was not germane to any issue in the case. This evidence was inadmissible and it was error to overrule the appellants' objection to the same. It only went to show particular traits of moral character on the part of the witness, which, aside from the question of his veracity, could not be made the subject of inquiry for the purpose of impeaching the witness, such traits not being material to any issue in the case. The moral character of this witness was not an issue in the case, and the effect of the testimony was to prejudice the witness in the minds of the jury. There was no attempt to prove his general reputation for truth and veracity and it was error to admit evidence tending to show his bad moral character. Boon v. Weathered's Admr., 23 Texas, 675; Tipton v. Thompson, *supra;* Pennsylvania Fire Ins. Co. v. Faires, 13 Texas Civ. App., 113; 30 Am. & Eng. Ency. of Law, 2d ed.; 1082-3.

The seventh assignment of error complains of the court's action in refusing special charge No. 2, requested by appellants. Said charge is as follows: "The defendants in this case plead as a defense that M. J. Wakeham, plaintiff and father of the minor, Robert Wakeham, consented to the doing of the acts complained of, and if you find and believe from the evidence that M. J. Wakeham, father of Robert Wakeham, did consent to the doing of the acts complained of, then you will find for the defendants; and in determining whether or not the father had consented to the doing of the acts complained of, you will take into consideration all the evidence introduced before you, and any just conclusions deducible therefrom."

The defendants plead, in effect, that the plaintiff, M. J. Wakeham, consented to his minor son entering and remaining in public saloons and to his drinking intoxicating liquors therein. There was evidence tending to support these allegations. In the main charge the jury were instructed as follows:

"4th. If the defendant Price, either in person or through an employe, permitted the plaintiff's said minor son to enter and remain in said saloon, there was a violation of the conditions of the said bond.

"5th. If the defendant Price, either in person or through an employe, sold intoxicating liquors to said minor in said saloon, there was a violation of the conditions of said bond.

"6th. If you find from the testimony before you that there was any such violation of the conditions of said bond, on or about either of the dates above mentioned, then your verdict should be for the plaintiff, but if you fail so to find, your verdict should be for the defendants."

No affirmative defensive charge was submitted by the court. The requested charge announced a correct proposition of law, and its refusal was error.

For the errors pointed out the judgment is reversed and the cause remanded.

*Reversed and remanded.*