### MRS. M. P. SAUNDERS V. ALVIDO & LASERRE ET AL.

Decided November 19, 1908.

**Intoxicating Liquor—Sale to Minor—"Person Aggrieved" Defined.**

By the expression "person aggrieved" as used in article 3380, Sayles' Civil Statutes, concerning the sale of intoxicating liquors to minors, is meant any person whose legal rights have been invaded by a breach of the bond provided for in the statute. A widowed sister who from his infancy had stood in loco parentis towards an orphaned brother is included within the meaning of the term "person aggrieved" as used in said article, and may bring suit for a violation of the conditions of a liquor dealer's bond by the sale of intoxicating liquor to said brother.

Appeal from the District Court of Harris County. Tried below before Hon. Norman G. Kittrell.

*J. W. Craig,* for appellant.—A person sustaining toward a minor the relation of loco parentis can be a "party aggrieved" within the meaning and terms of a liquor dealer's bond, and, when such aggrievement is shown, he is entitled to maintain the suit and recover for the breaches thereof, and this notwithstanding that no guardianship, or formal, technical adoption, of said minor has occurred. The terms "party aggrieved," as used in the statute and liquor dealer's bond, includes a person standing in this relation, and does not preclude her from maintaining the action for breaches thereof when she shows that she has in fact been aggrieved.

Peavy v. Goss, 90 Texas, 89; Rev. Stats., art. 5060g; Cunningham v. Porchet, 56 S. W., 575; Daniels v. College, 50 S. W., 205; Coughtry v. Haupt, 47 Texas Civ. App., 452; 14 Am. & Eng. Ency., p. 768 and notes; 44 Am. Dec., 167 and notes; 53 Am. Dec., 305 and notes; Schrimpf v. Settegast, 36 Texas, 302; 36 Am. Rep., 254; Snowden v. State, 12 Texas Crim. App., 105; Gorman v. State, 42 Texas, 221; 9 Am. & Eng. Ency., p. 245 and notes; Legate v. Legate, 28 S. W., 281; 4 Kent's Commentaries, p. 192; 17 Am. & Eng. Ency., 342; Id., 387 and notes; Choat v. Vlha, 89 S. W., 1083; Edgett v. Finn, 36 S. W., 830.

*T. L. Camp,* for appellees.—This is a statutory action to recover penalties. All statutory actions to recover a penalty are strictly construed; at least they should be so construed as not to grant relief in doubtful cases. The party seeking to recover the penalty should bring himself strictly within the statutes. Johnson v. Rolls, 79 S. W., 513; State v. Vinson, 23 S. W., 807 (liquor bond suit); Choate v. Vlha, 89 S. W., 1083 (liquor bond suit); Schloss v. Atchison, T. & S. F. Ry. Co., 85 Texas, 604.

Aggrieved parties, in the meaning of the statute, simply refer to a class of persons that may sue for the penalty, and the penalty is given not with any idea of compensation but to aid in the enforcement of the law. Johnson v. Rolls, 79 S. W., 513.

A sister, in the class of cases under consideration, is not named in the statute as one of the parties entitled to maintain suits of this character; neither is a party standing in loco parentis named in the statute; therefore, if appellant is entitled to maintain this suit it must be by reason of the fact that she is, within the meaning of the statute and the constructions given it by the courts, an aggrieved party. Rev. Civ. Stats., art. 5060g.

An aggrieved party in the meaning of the statutes, as construed by the courts of this State and by the courts of other States, is a party who has some legal right in the minor or inhibited party, and that legal right has been invaded by the act which constitutes the breach of the bond. It is the legal sense in which the words "aggrieved party" is used in this statute. Peavy v. Goss, 90 Texas, 89; Cunningham v. Porchet, 56 S. W., 574; Qualls v. Sayles, 45 S. W., 839; Veon v. Creaton, 9 L. R. A., 814.

The allegations of appellant's petition fail to show that she had any legal right in the minor, Orion Hill, therefore she is not an aggrieved party. Choate v. Vlha, 89 S. W., 1083.

PLEASANTS, CHIEF JUSTICE.—This suit was brought by appellant against the appellees, P. Alvido and E. J. Laserre, composing the firm of Alvido & Laserre, as principals, and the Fidelity and Deposit Company of Maryland as surety, upon a retail liquor dealer's bond to recover the sum of $5,000 for alleged breaches of the conditions of said bond in the unlawful sale of liquor by said principals to Orion Hill, a minor. The trial court sustained demurrers to plaintiff's petition on the ground that the petition failed to show that plaintiff bore such relation or had such legal interest in the minor, Orion Hill, as entitled her to maintain this suit under article 3380, Sayles Civil Statutes, authorizing

suit to be brought for breach of a liquor dealer's bond by the person aggrieved thereby.

The allegations of the petition upon which plaintiff's right to maintain her suit is based are as follows:

"That plaintiff is a widow, a feme sole, and that Orion Hill, who is hereinafter mentioned and referred to, is the minor brother of plaintiff, he being at the time of the institution of this suit of the age of eighteen years. That the father and mother of plaintiff and her said minor brother are now long since deceased, having died when said minor was an infant of very tender years. That at the time of the death of their said mother the father of plaintiff and said minor was still alive, but was addicted to the drink habit, was without a home, and disqualified and incapable by habits and temperament for taking care of and raising the said minor, and that the mother of said minor, and just preceding her death, gave over to this plaintiff the possession and custody of the person of said minor child, and requested and enjoined upon this plaintiff the duty and responsibility to take said child, and to adopt said child into her, plaintiff's, family, and to rear, manage and control said child and in all things to govern him until he had reached his majority years. That at the time of the death of their said mother there was no relative or person then living who was capable and willing to take over the care and custody and assume the responsibilities of the rearing and controlling of said child, and further, that it was the expressed wish and desire of their said mother, as expressed immediately preceding her death, that said child should be taken and reared by this plaintiff, and governed and controlled and looked after in the same manner as parent to child; and to this end, and that this object might be fully attained, the mother of said child did then and there give over to plaintiff the full custody, control and management of said child; and thereupon, and in obedience to and deference for the expressed wish and desire of their said mother, as aforesaid, plaintiff did then and there and at said time and place accept and undertake the said charge of said minor, and has since said time had the entire care, custody, control and management of said child, having assumed and performed toward it all the responsibilities and duties of a parent toward the child. That at said time and place—that is, at the death of said mother—plaintiff did then and there solemnly covenant and agree with said mother that she would undertake and assume the care and control of said minor child, and would rear and train said child the same as plaintiff would rear and train her own. That since said time plaintiff has in fact had and exercised over said child the entire care and control of same, doing and performing any and all things for him which a mother under the same or similar circumstances could or would do and perform; and in this connection plaintiff would say that she has reared and trained and looked after said minor as a constituent member of her own family; that she has provided for it such clothing and wearing apparel as was needful; has nursed it in sickness; has given to and provided for said child such educational advantages as was within her power, and being the same and such as given by plaintiff to her own children. That she has at all times during said time, and does now, advise with and counsel said minor concerning his conduct, and has at all times had the management and control of his actions,

That plaintiff has sought for and procured for him his employment at different times, has received from him and controlled his earnings, and that said minor has recognized said authority and has looked to plaintiff for his guidance and support.

"That for many years prior to the bringing of this suit plaintiff has had the care, nurture and maintenance of said minor as hereinbefore stated and shown; that since the death of the mother and father of said minor the entire and exclusive responsibility of the correct rearing and training of said minor has devolved upon this plaintiff.

"That plaintiff is a widow of limited means and dependent altogether upon her own exertions and the efforts of said minor for the support of herself and said minor. That the love and affection which plaintiff has always felt, and now feels, for said minor brother is the same as that of a parent for the child, and is doubly intensified on account of his orphanage. But plaintiff shows that by reason of the inebriation of said minor, and the fact that he has acquired the habit of drinking strong and intoxicating drinks, such habit having been largely acquired in defendant's place of business; and having squandered his earnings, as well as monies given and furnished him by plaintiff, in the place run and operated by defendants as herein alleged, the said minor has thereby and by reason thereof entailed upon plaintiff great additional burdens and expense, anxiety, worry and annoyance."

The statute under which this suit is brought has been often construed by our courts, and the meaning of the term "person aggrieved," as used in said statute to designate those upon whom the right of action is conferred, has been declared to be any person whose legal rights have been invaded by the breach of the bond provided for in the statute. In the case of Peavy v. Goss, 90 Texas, 89, it is held by our Supreme Court that the parent or person standing *in loco parentis* has the right to maintain an action under this statute for the unlawful sale of liquor to a minor. It is true that in the case cited the plaintiff was the parent of the minor, and it was unnecessary in the decision of the question presented to hold that one standing *in loco parentis* would have the same right as the parent, but under the construction given the statute, that the right to sue was conferred upon any person whose legal rights were invaded by the alleged breach of the bond, it necessarily follows that a person standing *in loco parentis* would have the same right as a parent to maintain a suit of this character.

The rights and duties of one standing *in loco parentis* seem to have been uniformly held by the courts to be the same as those of the parent, and any cause of action accruing to a parent by reason of such relationship would, under similar circumstances, accrue to one standing *in loco parentis.* Schrimps v. Settegast, 36 Texas, 302; Williams v. Hutchinson, 53 Am. Dec., 304; Whitaker v. Warren, 49 Am. Rep., 302; 17 Am. & Eng. Ency. of Law, 1st ed., 342.

The allegations of the petition before set out show that the plaintiff has stood in the place of both father and mother to the orphaned minor, Orion Hill, since the death of his parents; that she has maintained, nurtured and provided for him as her own child since his infancy, and they have at all times stood to each other in the relation of parent and child. Under these facts it is the duty of plaintiff to look after the moral train-

ing of said minor, and she has the legal right to keep him away from temptation. This legal right of plaintiff is invaded if, as alleged in the petition, appellees sold liquor to said minor in violation of law, and such invasion of plaintiff's right entitles her to maintain a suit under the statute giving a right of action in such cases to the "person or persons aggrieved."

We do not think this holding is in conflict with the decision in the case of Choate v. Vlha, 40 Texas Civ. App., 566. In that case the court, in effect, finds that the allegations of the petition do not show that the plaintiff was *in loco parentis* to the minor to whom the liquor was alleged to have been unlawfully sold. The court says: "The petition does not allege that the plaintiff has adopted the minor, or that he has in any wise obligated himself for the minor's support, maintenance or education. In fact, for aught that appears in the petition, all that plaintiff has done for the minor may have been done for an adequate consideration furnished by the minor or someone else; or the custody, control and moral training of the minor, which he alleges he has had for four years, may have been voluntary on his part, and does not necessarily confer upon him the legal right to control the actions of the minor." It is, we think, perfectly clear that this conclusion can not be reached from the allegations of the petition in this case. We think the allegations of the petition above set out show both a moral and legal obligation on the part of plaintiff to maintain, control and care for the minor just as his parents would be required to do if they were living, and from this obligation the reciprocal right to maintain an action for injury to said minor arises.

From the language in the next to the concluding paragraph in the opinion in the case last cited the court seems to clearly recognize that the right of action in cases of this character is not restricted to the natural parent and the legal guardian or person who has legally adopted the minor, but also inures to one who "by contract or otherwise has the legal right to control his actions."

It follows from these conclusions that the judgment of the court below should be reversed and the cause remanded, and it has been so ordered.

*Reversed and remanded.*